ELIZABETH GOULD

*vs.*

THE MAINE FARMERS MUTUAL FIRE INSURANCE COMPANY.

Penobscot.     Opinion February 5, 1916.

*Insurance.    Principal and agent.    Right of mortgagor and mortgagee to insure their respective interests in property.*

1. As mortgagor and mortgagee have several distinct interests in the mortgaged property, insurable by either for his own benefit, the mortgagee may insure for himself and at his own cost and, when so insuring, the mortgagor is not to be benefited thereby.

2. Additional insurance procured by the mortgagee upon the mortgagor's interest without the consent or knowledge of the mortgagor will not affect the rights of the mortgagor.

3. Ratification as used in the law of principal and agent is the adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another who at the time assumed to act as his agent in doing the act or making the contract without authority to do so. A knowledge of all material facts is indispensable.

4. Mortgagor acquiring knowledge of additional insurance on property is not obliged to give notice of new policy to insurance company and obtain its assent thereto in writing, in the absence of any such requirement in his policy.

An action on a policy of insurance in the Maine Standard form issued by defendant to the amount of eleven hundred and fifty dollars on the buildings, and contents, of the plaintiff. At the date of the policy the buildings were subject to a mortgage given by plaintiff and the policy was made payable to the mortgagee as her interest might appear. Some months later, the mortgagee at her own expense and without knowledge of the plaintiff procured other insurance upon the buildings. The assent of defendant thereto was never given. There is no evidence tending to prove that plaintiff ever saw, or knew the terms of, the policy procured by the mortgagee.

Some weeks before the fire which destroyed the buildings, she learned that the mortgagee had procured other insurance. After the fire, some member of plaintiff's family endorsed the check given by the company issuing the later policy, which was collected by the mortgagee who applied the avails upon the mortgage debt, but there is no evidence that such application was made pursuant to agreement with the plaintiff. The verdict was for the plaintiff. Defendant asked certain instructions which were refused, to which refusal defendant excepted. Exceptions overruled.

Case stated in opinion.

*L. B. Waldron and Mayo & Snare,* for plaintiff.

*Arthur J. Dunton and H. E. Coolidge,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, PHILBROOK, JJ.

BIRD, J.   This is an action on a policy of insurance in the Maine standard form issued by defendant to the amount of $1150, on the buildings, and contents, of the plaintiff.

"The principal contention of the defence at the trial" quoting the statement of defendant's counsel "and the only one which is of any real importance at the present time, was that the plaintiff had, subsequent to the taking out of a policy with the defendant company placed additional insurance to the amount of $1650, with the Providence Washington Insurance Company, which under the terms of the Maine standard form of policy, . . . avoided the defendant's policy, no permission being given for this subsequent insurance."

The uncontroverted facts appear to be: At the date of the policy on which this suit is brought, June 3, 1910, the plaintiff was the owner of the property insured and the buildings were subject to a mortgage given by her and held by one Hannah Brown, as assignee, and the policy, upon which the suit is brought, was made "payable in case of loss to Mrs. J. A. Brown, as her interest may appear as mortgagee." It contained the prescribed provision as to other insurance. "This policy shall be void . . . if the insured now has or shall hereafter make any other insurance on said property without the assent in writing or in print of the company." R. S., c. 49, § 4. Early in the year 1911, the mortgagee, at her own expense

and without the knowledge of plaintiff, procured other insurance in the Providence Washington Insurance Company. This policy was apparently issued in the name of plaintiff, the loss being payable to Mrs. Brown as her interest might appear as mortgagee and was always in the possession of Mrs. Brown in her lifetime and of her representatives after her decease. The buildings insured were totally consumed by fire on the fifth day of March, 1912. At no time previous to the fire did plaintiff give defendant notice of the issuance of the policy by the Providence Company or obtain its consent thereto from defendant. The plaintiff was undoubtedly aware as early as January, 1912, that some policy affecting the property had been procured by the holder of the mortgage, but there is no evidence that she ever saw the policy or knew its terms.

There was evidence tending to prove that plaintiff had no knowledge of the existence of the policy of the Providence Company earlier than January, 1912, while defendant claimed that there was at least evidence from which it was inferable that she knew of and consented to it at the time of its issuance. There was also evidence tending to prove that the check given by the Providence Company in settlement of its policy to the administratrix of Mrs. Brown was endorsed by some member of the family of plaintiff and returned to the administratrix, who cashed it and credited the avails upon the note secured by the mortgage. But there is no evidence that this was done pursuant to any agreement of the plaintiff and the administratrix. Nor does the record show what, if any, was the provision of the mortgage as to insurance.

The verdict was for plaintiff and defendant filed a motion for new trial and a bill of exceptions, of which the writ, pleadings, evidence and instructions of the court are made part. The motion is now waived as well as all exceptions save to the refusal to give the following requested instructions:

"1. If you are satisfied that the plaintiff, Mrs. Gould, received the check of the Washington Providence Insurance Company in settlement of her loss under their policy, and knowing what it was for, endorsed that check so that it was collected by the representative of the Brown estate and credited on her mortgage, it would constitute a ratification by her of the act of the Browns in placing the policy and would make it her policy.

"2.   If you are satisfied from the conduct of and the statements made by the plaintiff, Mrs. Gould, that she ratified the act of the Browns in taking out in her name the policy in the Providence Washington Insurance Company, it would render her policy in the Maine Farmers Mutual Fire Insurance Company void and prevent her recovery in this action.

"3.   If you are satisfied that Mrs. Gould, the plaintiff, before the fire of March 5th, 1912, knew that a policy in her name and payable to the mortgagee had been taken out in the Providence Washington Insurance Company subsequent to the issuing of the policy in the Maine Farmers Mutual Fire Insurance Company and on the same property, and that she failed to give notice of such new policy to the Maine Farmers Mutual Fire Insurance Company and obtain the assent of said company thereto in writing, such failure would render void the policy in the Maine Farmers Mutual Fire Insurance Company and that she cannot maintain this action and recover therein."

It is elementary law that the mortgagor and mortgagee have several distinct interests in the premises mortgaged, which either may insure for his own benefit.   And equally so, that when a mortgagee insures his own interest without any agreement beween him and the mortgagor therefor, and a loss accrues, the mortgagor is not entitled to an allowance of the sum paid upon such loss, to be applied to the reduction or discharge of his mortgage debt, but the mortgagee may, notwithstanding, recover the whole amount due; or, as otherwise stated, that the mortgagee may insure for himself and at his own cost and, when so insuring, the mortgagor is not to be benefited thereby.   *Concord Un. Mut. Fire Ins. Co.* v. *Woodbury,* 45 Maine, 447, 453, 454; *McIntire* v. *Plaisted,* 68 Maine, 363, 365 · *Cushing* v. *Thompson,* 34 Maine, 496, 499.

It has been held that if the policy of the mortgagor is made payable to the mortgagee as his interest may appear, this is regarded as an insurance of the mortgagor, and hence a subsequent insurance by the mortgagor, vitiates the policy.   *Continental Ins. Co.* v. *Hulman,* 92 Ill., 145, 34 Am. Rep., 122; see however, *Wheeler* v. *Watertown Ins. Co.,* 131 Mass., 1, 9; but insurance by the mortgagee does not affect the contract.   *Titus* v. *Glen Falls Ins. Co.,* 81 N. Y., 400, 416.   Additional insurance procured by the mortgagee

upon the mortgagor's interest without the consent or knowledge of the mortgagor will not affect the rights of the mortgagor. *Fox* v. *Phoenix Fire Ins. Co.*, 52 Maine, 333, 334; *De Witt* v. *Agricultural Ins. Co.*, 157, N. Y., 353, 360; *Church of St. George* v. *Sun Fire Office Ins. Co.*, 54 Minn., 162, 166. See also *Lumber Exchange* v. *Ins. Co.*, 183, Pa. St., 366, 385; *Johnson* v. *Ins. Co.*, 1 Holmes, 117, 119. See also *Burke* v. *Niagara Fire Ins. Co.*, 12 N. Y., Supp., 234.

Without, or practically without, exception cases holding that the insured ratified policies of insurance procured by others upon his interest, have based their conclusions upon ratification as between principal and agent. See *The German etc. Ins. Co.* v. *The Emporia etc. Asso.*, 9 Kans. App., 803; *Hughes* v. *Ins. Co.*, 40 Neb., 626. Ratification as used in the law of principal and agent is the adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another who at the time assumed to act as his agent in doing the act or making the contract without authority to do so. 31 Cyc., 1245. See also II Kent. Com., (13th Ed.) 616, note 3. And a knowledge of all material facts is indispensable. *Coombs* v. *Scott*, 12 Allen, 493, 497; see also *Barnard* v. *Wheeler*, 24 Maine., 412, 419.

The exceptions to the refusal of the first request must be overruled. We find no evidence that the check was received by the plaintiff in settlement of her loss. The endorsement of the check by some one authorized by her, or even by her, does not under the circumstances make the procuring of the policy her act by relation. Such endorsement of the check was as ineffectual for the purpose as the making of the formal proof of loss in *Titus* v. *Glen Falls Ins. Co.*, supra;— especially in the absence of any evidence showing, or tending to show, any undertaking or agreement for credit of the amount of the check upon the mortgage debt.

It is the opinion of the court that the evidence does not warrant the second requested instruction. There is an entire lack of evidence that the mortgagee assumed to act as agent of the plaintiff or intended to insure the interest of the plaintiff. See *Nichols* v. *Fayette, etc. Ins. Co.*, 1 Allen, 63, 69; *Humble* v. *Ins. Co.*, 85 Kans., 140; Ann. Cas., 1912 D. 630.

The third requested instruction is to the effect that if plaintiff, with knowledge of the policy procured by the mortgagee, failed to

give notice to defendant of the new policy and obtain its assent thereto in writing, the policy in suit became void. That policy requires no notice of other insurance and we are aware of no provision of law rendering it necessary, in the absence of such requirement. II May on Ins., § 364; *York* v. *Parker*, 109 Maine, 414, 416.

*The exceptions are overruled.*