THE FARMERS' MUTUAL INSURANCE COMPANY OF ST. JOSEPH AND MARSHALL COUNTIES *v.* YOUNG ET AL.

[No. 15,682.  Filed October 14, 1937.]

140

*Miller Guy,* and *Stanley S. Gilbert,* for appellant.

*McKesson & Kizer,* and *Walter Wise,* for appellees.

KIME, J.—To the amended complaint herein in one paragraph (to which was attached a copy of the policy therein sued on as an exhibit) wherein the appellees, Young and Young, sought recovery against the appellant for loss sustained by fire to the property covered by said policy, the appellant filed a general denial and a second paragraph of amended answer. The appellees Young and Young demurred to this second paragraph of amended answer on the ground that it did not constitute a defense to the complaint. This demurrer was sustained, whereupon the appellant withdrew its answer in general denial, refused to plead further, and elected to stand upon its amended second paragraph of answer. The court then rendered judgment in the sum of $1,000.00, being the face of the policy, in favor of the appellees Young and Young and against the appellant and decreed that the appellee The Federal Land Bank of Louisville was entitled to the proceeds.

It is from this judgment that this appeal was perfected, the assignment of error being that the trial court erred in sustaining the demurrer of the appellees Young and Young to the amended second paragraph of answer to the amended complaint.

The amended complaint alleges the ownership of the property, the execution of the policy, the loss by fire, the performance of all conditions on the part of appellees

Young and Young, and that the loss should be paid to the appellee bank with a prayer for judgment in the sum of $1,000.00.

The bank's answer alleged that a sale had been made to the Youngs on an agreement, a copy of which was attached as an exhibit, that therein the Youngs agreed to keep the buildings insured; that the Youngs caused a clause to be inserted in the policy thus procured from appellant to the effect that the loss, if any, should be payable to the bank "as their interest may appear as mortgagee"; that there was still unpaid more than $1,000.00 under the sales agreement. The prayer was to the effect that the amount found payable be paid to the bank.

The appellant's amended second paragraph of answer alleged that the bank on January 27, 1934, was the owner of the property described; that on that day it sold to the appellees Young and Young under a contract whereby they agreed to pay certain sums on specified dates and upon completion thereof the transfer was to be completed by the execution of a warranty deed, that the Youngs were to keep the builidngs insured to the satisfaction of the bank; that the policy sued on was issued and that the loss payable clause above referred to was inserted. That on August 16, 1932, the bank had insured the house for $600.00 in the Hartford Fire Insurance Company for a term of three years. That on March 1, 1934, at the request of the bank the Hartford Fire Insurance Company caused a loss payable clause to be attached to their policy to "Mary Alice and Olive Lorene Young as their interests may appear under a contract of purchase." That this policy was in full force and effect from that time to and including the date of the fire and that it "insured the interests of the plaintiff (Youngs) and of defendant" bank. That by the policy sued on it was stipulated that "any insurance

placed upon the property insured by this company without its knowledge invalidates the insurance in said company to the amount of the insurance so placed, also, if any insured misrepresents to us that he had no insurance that is more than that written by the former company." That the appellant had no knowledge or notice of the existance of the Hartford policy until after the loss. That appellant was liable only for $400.00 which they tendered into court together with 60¢, the entrance fee paid by the Youngs to join their company.

The memoranda of the demurrer is to the effect that there was no allegation in the above answer that at the time the Youngs applied for the insurance with the appellant that they had any knowledge of the existence of any other policy or of the Hartfort Fire Insurance Company policy in particular, and that the answer does not allege that said Hartford policy was taken out with the consent or knowledge of the Youngs.

The policy contained the following question: "Have you any other insurance?" to which the answer was "None."

It is the contention of the appellant, as we understand it, that the appellees Young and Young misrepresented the fact as to whether or not they had other insurance and that since there was other insurance outstanding that under the latter part of the above quoted clause the appellant would only be liable for a certain amount of the insurance, namely, the difference between the amount of their policy and that of the Hartford company. Insurance contracts must be construed most strictly against the insurer and liberally as to the insured to the end that the contract attemped to be entered into may be enforced. Here the Youngs do not warrant that there was not other insurance outstanding on this property. They answered the question "Have you any other insurance?" in the negative and

at the time they did not have any other insurance nor, so far as the allegations here disclose, have they since that time acquired any other insurance. It is fundamental that there may be several distinct interests in property which may be insured and it has been held that mortgagor and mortgagee have such separate interests as may be insured. In fact it is not seriously contended by the appellant that the appellees Young and Young procured other insurance but the contention is that since the bank had this outstanding policy at the time the contract of sale was entered into that under the answer to the above question the appellees Young and Young must be said to have misrepresented the fact that they had other insurance and that since there was other insurance outstanding they are presumed to have known as much when they answered the above question. It seems clear to us that the Youngs did not have any other insurance and that they did not directly or indirectly place other insurance on the property nor is there any allegation that the bank assumed to act as agent for the Youngs in the acquisition of additional insurance or that they were so acting as agents of the Youngs when they caused the loss clause to be attached to the Hartford Fire Insurance Company policy.

Appellant contends vigorously that this is double insurance which in effect insures the property to such an extent as to at least cause the insured to become careless, however, the allegations before us show that the value of the property burned was $2,500.00 whereas all the insurance outsanding totaled only $1,600.00. These allegations for the purpose of the demurrer must be taken as true so it is readily apparent that this argument is not convincing.

Since there is a complete lack of allegations that the Youngs either procured such insurance, authorized it or knew that it had been procured or ever sought or

contemplated any benefit therefrom our holding must be that the sustaining of the demurrer to the amended second paragraph of answer was correct. *Gould* v. *Maine Farmers' Mut. Fire Ins. Co.* (1916), 114 Maine 416, 96 Atl. 732; *Harvey* v. *Pawtucket Mut. Fire Ins. Co.* (1924), 250 Mass. 164, 145 N. E. 35; *Church of St. George of Glencoe* v. *Sun Fire Office Co. of London* (1893), 54 Minn. 116, 55 N. W. 908.

Finding no reversible error the judgment of the Marshall Circuit Court is affirmed.