**NORWICH UNION FIRE INSURANCE SOCIETY LIMITED, a corporation, and Norwich Union Indemnity Company, a corporation, Appellants,**

v.

**Kenneth Carol GLASSER and Elmer A. Glasser, Appellees.**

**No. 14325.**

United States Court of Appeals Ninth Circuit.

July 13, 1955.

Foley, Branson & Limpert, Francis N. Foley, San Mateo, Cal., for appellant.

S. Lee Vavuris, James C. Purcell, Michael Riordan, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellants issued an insurance policy to one Joe A. Svetina insuring him against liability for bodily injury sustained by any person and caused by accident in the use of an automobile covered by the policy.

On a complaint charging Svetina with injuring Kenneth Carol Glasser, son of

Elmer A. Glasser, by negligently and carelessly driving and operating an automobile, the Glassers recovered a money judgment in the superior court of the state of California in and for the county of San Francisco. An execution was issued and returned unsatisfied. Later an action against appellants, as insurers, was filed by appellees in the state court and upon petition of appellants was removed to the United States District Court for the Northern District of California. After a trial duly had in said United States District Court, judgment was rendered in favor of appellees in the sum of $4,742, with interest and costs. On March 12, 1954 appellants moved for a new trial on the following grounds:

"1. Newly discovered evidence, material for the defendants, which through inadvertence and excusable neglect was not discovered before judgment.

"2. Insufficiency of the evidence to justify the findings.

"3. The judgment is against the law."

The motion was denied.

In their specifications of error on this appeal the principal complaint made by appellants is that: "The Court abused its discretion in refusing to grant them a new trial in order to afford them the opportunity to introduce in evidence what they assert to be the true insurance policy issued to Svetina." It is apparent that the main ground alleged by appellants in their motion for new trial, viz.: "Newly discovered evidence, material for the defendants, which through inadvertence and excusable neglect was not discovered before judgment," is without merit. The policy was issued by them and was in existence before and at the time of trial; in fact, in their answer they alleged both the existence of the policy and certain of its contents. However, a reading of the affidavit filed with the motion discloses that the true ground upon which appellants based their motion was inadvertence and excusable neglect.

During the course of the trial and while Svetina, a witness for appellees, was being cross-examined, the following took place:

"Mr. Foley: May we have the insurance policy, Mr. Purcell, that was referred to?

"Mr. Purcell: Well, I have here what is referred to as a certification of insurance issued. Is that what you mean, Mr. Foley?

"Mr. Foley: Well, I understood that you had the policy, that Mr. Svetina delivered it to your office.

"Mr. Purcell: Well, if I have it, you are welcome to it. Mr. Vavuris, do we have anything besides the certificates of——

"Mr. Vavuris: That's all, your Honor. These are the two policies— I think Mr. Svetina will say those are the policies he had.

"Mr. Purcell: These are all that were delivered to us by Mr. Svetina.

"Mr. Foley: All right.

\* \* \* \*

"Q. Now following the receipt of this notice of judgment, you called at the office of the attorneys for plaintiff here, did you not, Mr.—— A. No—no, no. I went to see Mrs. Harvey first.

"Q. Well, I know, but following that? A. Following that I went to see them.

"Q. Yes. And you delivered to them then your insurance policy, didn't you? A. That's right. I showed them that I was insured.

"Q. Yes. Now are these the policies? Do you recognize them? The ones you delivered to them, the ones that you had at that time? A. I believe——

"Mr. Purcell: We will stipulate that those were received by us from this gentleman, Mr. Foley. A. —— these are.

"Mr. Foley: Then I would like to offer them in evidence that the——

"Mr. Purcell: We have no objection.

"Mr. Foley: ——contract setting forth the obligation of this defendant will be before the Court.

"The Court: Let them be received."

The papers thus delivered to counsel for appellants and by him introduced constituted the sole evidence before the court as to the contents of the policy sued on.

Appellants alleged in their answer that the policy required that the insured notify the company of the service of process, and that they were relieved from liability by Svetina's failure to comply with this requirement.

 The trial court in deciding the case was of course confined to a consideration of the evidence before it. A search of the policy in evidence fails to disclose a provision requiring a notification to be given appellants by Svetina of any suits filed against him. It is therefore clear that the trial court correctly decided that the allegation in the answer had not been proved. Appellants seem to recognize this and that is the reason for the attempt to get a new trial in order to introduce what they assert to be the valid policy of insurance. In our consideration of the correctness of the denial of the motion for a new trial, we keep in mind that the trial court was invested with discretion in deciding whether or not to grant a new trial and unless an abuse thereof appears its ruling must stand. The trial court evidently reached the conclusion that the act of counsel for appellants in introducing the policies given him by counsel for appellees was inexcusable and was done without misrepresentation or other improper conduct on the part of counsel for appellees. We agree that counsel for appellees did not misrepresent the documents given by them to counsel for appellants. They handed him all the papers received by them from Svetina and so informed opposing counsel. The fault, if any, in introducing the documents, and relying on them, must be imputed to counsel for appellants, and his act cannot be excused on any of the grounds alleged. No abuse of discretion on the part of the trial court in denying the motion appears.

Complaint is made of finding of the Court to the effect that the policy did not provide that "the insured shall cooperate with the company" and did not contain other conditions, warranties, and agreements alleged in the answer. An examination of the insurance policy before the Court permits no other conclusion than that the alleged provisions are not there.

Another finding complained of deals with the question of notice given by Svetina to the appellants. This finding seems unnecessary to sustain the judgment. If no notice was required, whether or not such notice was given, seems immaterial.

Judgment affirmed.