**Petition for Naturalization as a Citizen of the United States of PUI LAN YEE aka Yee Pui Lan and Virginia Yee.**

**No. 8407.**

United States District Court
N. D. California, N. D.
May 22, 1957.

**400**

Bruce G. Barber, San Francisco, Cal., in pro. per., for movant.

Stanley J. Gale, Sacramento, Cal., for petitioner.

HALBERT, District Judge.

The Immigration and Naturalization Service, by Bruce G. Barber, District Director, hereinafter referred to as movant, has moved this Court, under the provisions of Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., to vacate its order of May 7, 1956, admitting Pui Lan Yee, also known as Yee Pui Lan, and Virginia Yee, hereinafter referred to as petitioner, to United States citizenship. It is the contention of the movant Director that a proceeding of this nature is proper under the provisions of § 1451 (j), Title 8 U.S.C.A. Counsel for petitioner, Mrs. Yee, has challenged the jurisdiction of this Court by way of a motion to dismiss on the ground that the procedure sought to be employed by the Director is tantamount to a revocation proceeding, which may be instituted only in the manner prescribed by § 1451(a) et seq., Title 8 U.S.C.A.

Assuming arguendo that a motion to vacate under Rule 60(b) may with propriety be utilized for such purposes, the motion of the Director is manifestly lacking in allegations sufficient to meet the requirements of Rule 60(b).

Based on a statement of Fong (Yee) Min Hee, the husband of petitioner, given on September 26, 1956, which the Director contends, establishes the fact that said Fong (Yee) Min Hee "is not now and has never been a citizen of the United States as alleged in the petition for naturalization and in the application for a nonquota immigration visa filed on behalf of the petitioner", the Director alleges that the order of this Court of May 7, 1956, admitting petitioner to citizenship should be vacated on the grounds of mistake and inadvertence (Rule 60(b) (1) ) and newly discovered evidence (Rule 60(b) (2) ). However, apart from these formal allegations, no facts are alleged to show any excuse which would justify the movant's failure to avoid such mistake or inadvertence, nor has the movant attempted to allege any facts showing why this newly discovered evidence could not have been obtained with due diligence in time to make a motion for a new trial under Rule 59(b).

Where the motion under Rule 60(b) is sought to be based on mistake

or inadvertence, it is addressed to the sound discretion of the Court (Norwich Union Fire Insurance Society Ltd. v. Glasser, 9 Cir., 224 F.2d 385), and it appears to be at least implicit in the Rule that some attempt be made by the movant to show why he was justified in failing to avoid such mistake and inadvertence (See, e.g. Kahle v. Amtorg Trading Corp., D.C., 13 F.R.D. 107). The principal ground upon which the Director bases his motion, however, is that of "newly discovered evidence" under Rule 60(b) (2), and it is clear that when this ground is sought to be employed, facts must be alleged and shown which indicate that the movant could not, with the exercise of due diligence, have discovered such evidence within the period prescribed for a motion for a new trial (Pacific Contact Laboratories v. Solex Laboratories, 9 Cir., 209 F.2d 529, 533–534, certiorari denied 348 U.S. 816, 75 S.Ct. 26, 99 L.Ed. 643; In re Highwood Cemetery Association, D.C., 132 F.Supp. 636, 637; Raske v. Raske, D.C., 92 F. Supp. 348, 350; Cf.: State of Washington v. United States, 9 Cir., 214 F.2d 33, 46, certiorari denied 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679; and 7 Moore, Federal Practice, § 60.23). The Director, having failed to allege such minimal facts, has, in the opinion of this Court, failed to bring himself within the purview of Rule 60(b).

It Is, Therefore, Ordered that petitioner's motion to dismiss the movant's motion to vacate the naturalization decree, heretofore entered in favor of the petitioner, be, and the same is, hereby granted, but with the right granted to the movant to file in this proceeding within 20 days from this date an amended motion, which will conform to the Court's views as set forth in this memorandum and order.