**Virginia LEONG, Plaintiff-Appellant,**

v.

**RAILROAD TRANSFER SERVICE, INC., Morgan Cab Company and Stuart Ethridge and Glenn W. Cooper, Defendants-Appellees.**

**No. 13582.**

United States Court of Appeals Seventh Circuit.

May 3, 1962.

Nat P. Ozmon, Jacob W. Horwitz, Charles F. Anesi, Chicago, Ill., for appellant.

William P. Treacy, Edward Wolfe, George F. Barrett, Chicago, Ill., for appellees.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff, Virginia Leong, is a resident of Kansas City, Missouri. On June 30, 1958 she was in Chicago and was riding as a fare-paying passenger in a taxicab owned and operated by the defendant Morgan Cab Company. Near the Union Station in the City of Chicago, the taxi in which she was riding collided with a limousine cab operated by the defendant Railroad Transfer Service, Inc. Plaintiff was seriously injured. A showing was made that her doctor, hospital and medical bills exceeded $9,000.

The complaint herein was filed on December 10, 1959. After issue was joined, deposition notices were filed on June 27, 1960 and August 30, 1961. The attor-

ney for one of the defendants reported to the court that "We went out to Kansas City last month to take depositions, I think, of nine doctors, and it lasted so long, we were there for days, and we didn't get them all finished."

The case was called for trial on the regular trial calendar on October 18, 1961, at 10 a. m. Counsel for plaintiff and counsel for each corporate defendant and the respective drivers appeared. Plaintiff's attorney and the attorney for defendant Railroad Transfer Service, Inc. moved for a continuance. An affidavit of counsel discloses the continuance was requested for the purpose of receiving from Kansas City copies of extensive depositions which had been taken there; the submission of such depositions to the two court-appointed physicians; and so that a pretrial conference could be held at which extensive objections to the deposition testimony could be considered. The Court stated: "We called 15 cases here on Monday morning, and being that no lawyers were ready on that call. The people don't need a judge to sit up here and continue cases. We will have to hold this for trial." The attorney for a co-defendant said: "May I say one more thing? I think the defendant, at least the defendant I represent, will be prejudiced unless the order of this Court the plaintiff be examined by impartial medical authorities—" The Court stated that it would not permit discovery matters of any kind to delay a trial. The Court again stated: "Gentlemen, we will hold this case for trial."

The attorney for the plaintiff and the attorneys for the defendants left the courtroom for their respective offices to make hurried preparations for trial. The affidavit of plaintiff's attorney shows he believed the clerk of the court would call by telephone as to when the trial of the cause was to be commenced; that such is the custom in the Circuit Court of Cook County, the Superior Court of Cook County, the Municipal Court of Chicago as well as being the practice of a number of the federal judges of the Northern District of Illinois.

On the same morning, at 11:15 a. m., the clerk called the instant case for trial, but none of the attorneys were then present. The Court, referring to the attorneys, stated: "They deliberately omitted to attend. The case will therefore be dismissed for want of prosecution."

Depositions were filed on October 24 and 25, 1961. On the latter date, plaintiff's attorney presented a motion to vacate the order of dismissal dated October 18, 1961, and asked that the cause be reinstated. Plaintiff's counsel explained it was his understanding the clerk would call his office when the Court was ready to proceed with the trial. The Court said: "We are not in a position to render that kind of service to lawyers. If you get that impression, it was erroneous. We can't call lawyers before cases come on to trial." The Court observed: "There has been no respect shown to the Court at all in this case. This motion will be denied."

Plaintiff's attorney then asked if he could be sworn as the motion on file was not under oath. The Court refused, saying "No, I won't hear any testimony in this case. I rely on the record."

On October 31, 1961, a notice, motion and affidavit were filed on behalf of plaintiff asking the District Court to reconsider its order entered on October 25, 1961. The Court denied the motion again stating the lawyers were discourteous—apparently for leaving the courtroom under the circumstances hereinbefore stated. There was nothing in the language used by any of the attorneys which showed any discourtesy to the Court.

Thus, the plaintiff finds herself in this situation. Although the Court's criticism was directed to all three attorneys, two for the defendants and one for the plaintiff, it is the plaintiff who has been penalized. She has not had her day in court and, if the order stands, she will not have had her day in court as the statute of limitations has run. On the other hand, although defendants' counsel was guilty of the same sort of misunderstanding as the plaintiff's their

clients will be free of any liability on account of plaintiff's claim.

Trial courts should be commended for their endeavors to prevent delays in the trial of cases on their calendars. Unfortunately, some attorneys are lax in their efforts to bring cases to trial. At times it may be in the interest of a defendant to postpone the time of trial, but no such situation faces us in the case at bar. The failure of the attorneys for plaintiff and the defendants to be present in court at 11:15 a. m. on October 18, was due to a misapprehension shared by all three of them.

Rule 60(b), F.R.Civ.P., 28 U.S.C.A. provides: "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

In Standard Grate Bar Co. v. Defense Plant Corp. et al., D.C., 3 F.R.D. 371, at page 372, where the defendant relied upon others to secure attorneys and because of a failure of the other defendants to secure counsel, a default judgment was entered, the Court in vacating the default stated, "Powers vested in the trial courts by Rule 60(b) should be liberally exercised in order that cases may be disposed of upon their merits * * *."

In Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207, the Court quoted at page 210: "Since courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order."

We do not hold that it was an abuse of discretion to dismiss the suit on October 18 when the case was called for the second time and none of the attorneys were present in the courtroom. However, it was an abuse of sound legal discretion when the Court refused to listen to the reason why the attorneys for both sides were absent from the courtroom, and when he refused to vacate the default judgment.

The attorneys for both plaintiff and defendants had made extensive preparations for trial. Neither side had previously asked the Judge for a continuance. We think this was a situation where the trial court should have vacated the default judgment because such action "is appropriate to accomplish justice." See Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266.

The judgment below is reversed and remanded with instructions to grant the motions of plaintiff to vacate the order of dismissal dated October 18, 1961, and to reinstate the cause. This suit should be tried upon the merits.

Reversed.

SCHNACKENBERG, Circuit Judge (concurring).

For the reasons which I stated in Link v. Wabash R. R. Co., 7 Cir., 291 F.2d 542, 548, I concur in the foregoing opinion, because it would be unconscionable that plaintiff's cause of action for serious personal injuries (for which a new suit would now be barred by the statute of limitations) should be dismissed without her personal fault. However, I feel obliged to say a word on behalf of the district judge, who is one of those judges faced with a rising mountain of pending litigation, the disposition of much of which is delayed by such annoying situations as that involved in this case.

It is conceded that, on a regular trial call, the court announced that this case was held for trial. Every trial lawyer knows what that language means. He is alerted to be ready to proceed immediately when the case is called for trial. The suggestion that there is a "custom" which transfers to some vaguely designated court employees the responsibility of lawyers in such a case to be present when their case is actually called for trial, is an incredible shifting of responsibility which no responsible trial lawyer asks.

If a lawyer, who is told by the court that his case is held for trial, is permitted to remain away from court until persons connected therewith notify him that his presence is required, an unwholesome system, involving favoritism and interfering with the proper discharge of their public duties by the employees involved, will be created. I see no reason why this court should require a trial judge to place his stamp of approval upon such an operation in his own courtroom.