William S. BENNETT, Appellant,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION, as receiver of San Fran-
cisco National Bank, Appellee.

No. 21898.

United States Court of Appeals
Ninth Circuit.

June 29, 1968.

James Martin MacInnis (argued),
San Francisco, Cal., for appellant.

Leslie H. Fisher (argued), Deputy
Gen. Counsel, Federal Deposit Ins. Corp.,
Washington, D. C., Bronson, Bronson &
McKinnon, San Francisco, Cal., for ap-
pellee.

Before HAMLEY and CARTER, Cir-
cuit Judges, and BOLDT,* District
Judge.

HAMLEY, Circuit Judge:

Federal Deposit Insurance Corporation
(FDIC), as receiver of San Francisco
National Bank, obtained a summary
judgment against William S. Bennett
in the sum of $405,430.00, plus interest.
Proceeding under Rule 60(b), Federal
Rules of Civil Procedure, Bennett moved
that the judgment be set aside and that
the cause go to trial. The district court
denied the motion and Bennett appeals.

On August 12, 1965, FDIC commenced
this action against Bennett and others
to recover assets of the bank. With
regard to Bennett, the receiver sought
to recover under the terms of certain
continuing guarantees. The complaint
was served upon Bennett in November,
1965. Bennett has never answered that
complaint. However, FDIC did not seek

* The Honorable George H. Boldt,
United States District Judge for the
Western District of Washington, sitting
by designation.

a default judgment against Bennett. Instead, on July 29, 1966, it moved for summary judgment against Bennett and the other defendants, with a hearing thereon noted for August 30, 1966.

This motion was duly served upon Bennett through his counsel of record. He filed no opposition to the motion. On September 9, 1966, the district court entered an order granting a summary judgment. This order was served on Bennett's counsel on September 19, 1966. On that date service was also made of the proposed form of judgment and a copy of an affidavit regarding attorney's fees. Bennett made no response concerning the order, the proposed form of judgment, or the affidavit.

The judgment was filed on September 28, 1966, and notice thereof was served upon Bennett's counsel on October 14, 1966. Bennett did not appeal or otherwise attack this judgment. On October 21, 1966, FDIC filed and served its cost bill against Bennett. The latter took no action after receiving the cost bill. On October 31, 1966, the district court ordered Bennett to appear and answer concerning his property. A copy of this order was served upon Bennett on November 7, 1966. The hearing was set for November 28, 1966.

On November 22, 1966, Bennett filed his Rule 60(b) motion for relief from the judgment, and obtained an ex parte order staying the hearing set for November 28, 1966. These were the first papers Bennett filed in this action.

In this Rule 60(b) motion, counsel for Bennett alleged facts which, in his view, "amounted to, although not limited to, inadvertence and/or excusable neglect * * *" In summary, counsel alleged that he was a defendant in numerous actions based on similar claims filed by FDIC in the same court; that he and his attorney had conferred numerous times with a member of a law firm representing FDIC in an attempt to settle many of the claims; that in this connection, Bennett's counsel had written to this FDIC attorney on August 23 and September 21, 1966, proposing to assist in the collection of FDIC claims against others in exchange for a fifty per cent credit on FDIC's claims against him.[1]

Counsel for Bennett futher alleged, in his Rule 60(b) motion that, based upon such correspondence, counsel for Bennett hoped to enter into a complete settlement, believed that a moratorium was in effect, and therefore took no action with respect to the motion for summary judgment, which hope and belief lasted until October 5, 1966. On that date, the FDIC attorney to whom Bennett's counsel had written, replied, stating that Bennett's proposal had been discussed with FDIC, and he had been instructed to advise that the proposal was not acceptable to FDIC.[2] According to the affidavit of Bennett's counsel, the FDIC attorney thereafter advised counsel that the latter's understanding concerning the existence of a moratorium was correct insofar as that FDIC attorney was concerned, but that such understanding did not control procedures in other cases being processed by other partners of the law firm representing FDIC.

1. The motion for summary judgment against Bennett was pending when Bennett's attorney wrote the letter of August 23, 1966. In that letter, his attorney stated, among other things, that Bennett's proposal contemplated that FDIC would grant him a moratorium on this motion and all other pending court proceedings involving him. Counsel for Bennett had received no reply to that letter by September 9, 1966, when the motion for summary judgment was granted. In his letter of September 21, 1966, counsel for Bennett expressed the hope that no adverse action would be taken against Bennett, apparently overlooking the fact that the motion for summary judgment had already been granted.

2. The concluding paragraph of this letter advised that FDIC would not take the default of Bennett in any proceeding without first having given him notice and adequate time to respond. No default was ever entered against Bennett. As before indicated, prior to the time this letter of October 5, 1966, was written, Bennett's attorney had received a copy of the order granting the motion for summary judgment.

Counsel for Bennett also alleged that Bennett had a "good and sufficient defense" to the complaint and the motion for summary judgment.

In an answering affidavit, the FDIC attorney alleged that, prior to October 5, 1966, he several times advised Bennett's counsel that he had received no answer from FDIC concerning Bennett's proposal. He further alleged that, during this period, no assurance was given by him to Bennett or the latter's attorney that pending court proceedings would be held in abeyance.

The motion for relief under Rule 60(b) was denied on January 6, 1967, and this appeal followed.

■ The granting or denial of a motion under Rule 60(b) to set aside a summary judgment on the ground of inadvertence or excusable neglect rests within the sound discretion of the district court, and may be overturned only upon a showing that the court abused such discretion. Smith v. Stone, 9 Cir., 308 F.2d 15, 17–18.

In arguing that the district court abused its discretion in denying the Rule 60(b) motion here in question, Bennett urges, in effect, that: (1) he made a substantial showing that his failure to answer the complaint or oppose the motion for summary judgment was due to inadvertence or excusable neglect; [3] (2) he possessed a sufficient defense to the FDIC complaint; and (3) the size of the judgment tends to support the view that denial of the motion was an abuse of discretion.

In our opinion, Bennett did not make a substantial showing in the district court, or in this court, that his failure to defend against the FDIC claim was due to excusable neglect or inadvertence of a kind which would render denial of a Rule 60(b) motion an abuse of discretion. The asserted inadvertence and neglect relate to the alleged state of mind of Bennett's counsel, based upon a purported agreement for a moratorium. However, Bennett's own motion shows that there was no written ageement and his assertion that there was an oral understanding to this effect between counsel is countered by the opposing affidavit of the FDIC attorney.

The record demonstrates that the FDIC gave Bennett notice, through his counsel, of every step of the proceeding. From beginning to end, Bennett and his counsel failed to take any court action in defense of the FDIC claim until long after the summary judgment had been entered and the time for appeal had expired.

In his Rule 60(b) motion, Bennett advised the district court that he had a good and sufficient defense. But he did not trouble to advise that court as to the nature of his defense or document the assertion with any supporting papers. On this appeal, Bennett for the first time refers to a defense "[i]n other cases" involving alleged tampering with the continuing guarantees. But he does not allege that this defense is applicable in this case. He also belatedly urges here that he has a defense based on a purported release. In his brief, Bennett quotes the document relied upon and alleges that copies of the document were filed as separate defenses in "other cases." FDIC denies that these matters constitute a defense in this case.

In view of the fact that these alleged defenses were not brought to the attention of the district court, much less documented and argued there, we do not regard such allegations as providing a substantial reason for concluding that the district court abused its discretion.

■ While the summary judgment is sizeable, it is fully warranted by the FDIC claims based on the alleged guarantees signed by Bennett, uncontested in the district court. In any event,

---

3. In his brief on appeal Bennett does not specifically argue that he made a substantial showing of this kind. That he intends to so argue may be inferred from the recitation of facts set forth in his brief and the allegations contained in his district court motion under Rule 60(b).

where the other curcumstances fully sustain denial of the Rule 60(b) motion, the district court was not required to grant controlling importance to the size of the judgment. See Smith v. Stone, 9 Cir., 308 F.2d 15, 18.

The district court did not abuse its discretion in denying the motion in question.

Affirmed.