Carolyn R. BIBEAU, Executrix of the Estate of Robert L. Bibeau, Deceased, Appellant

v.

NORTHEAST AIRLINES, INC.

No. 23303.

United States Court of Appeals, District of Columbia Circuit.

Argued June 29, 1970.

Decided July 10, 1970.

Mr. Robert J. Skahan, Washington, D. C., for appellant.

Mr. James F. Bromley, Washington, D. C., with whom Mr. James C. Gregg, Washington, D. C., was on the brief, for appellee.

Before WRIGHT, McGOWAN and MacKINNON, Circuit Judges.

PER CURIAM:

This cases arises on appeal from the District Court's refusal to reinstate a wrongful death action brought by a widow on behalf of herself and her two minor children, after that action had been dismissed for want of prosecution under Local Rule 13.[1] We reverse the action of

---

1. Rule 13 provides in relevant part:
"(a) DISMISSAL WITHOUT PREJUDICE; NOTICE OF; WARNING. If a party seeking affirmative relief fails for six months from the time action may be taken to comply with any law, rule or order requisite to the prosecution of his claim, or to avail of a right arising through the default or failure of an adverse party, or take

the District Court and order the case reinstated.

██ While it is within the discretion of the District Court to deny a motion [2] to reinstate a case which has been dismissed for lack of prosecution, in this case we feel that discretion has been abused.[3] We recognize and whole-heartedly approve of the District Court's justifiable interest in eliminating the "dead wood" from its calendar and in avoiding the prejudice which can accrue to a defendant when a plaintiff is dilatory in presenting his case. But at the same time the interests of justice require that the dereliction of counsel should not uniformly bar plaintiffs with valid claims from recovery through an inflexible application of the rule. The District Court's recent amendment to Rule 13, made effective soon after the District Court refused to reinstate the instant case, makes clear that Rule 13 is intended to deal with the errors of attorneys and not to punish their clients unnecessarily.[4]

In this case appellee makes no factually supported claim of prejudice from the delay. In fact, unlike most cases where reinstatement has been denied, the delay was of only a few months duration. The record indicates that there had been considerable preparation for trial, including taking depositions and negotiations which led to settlement of the claim against one of the defendants. Also it is at least a factor to be considered that appellant's former attorney has been ill and has filed an affidavit indicating that he never received the notice of impending dismissal which is required by the rule and that he would have taken action to avoid dismissal if he had been given due notice. Furthermore, there is no entry on the docket sheet indicating that the clerk had sent any such notice, although the rule specifically requires such an entry.[5] Finally, we feel that in exercising its discretion the court should always be mindful of its obligation to protect the interests of the minor children on whose behalf suits such as this one are brought.

---

other action looking to the prosecution of his claim, or within six months of the time a case is reinstated after being dismissed, the complaint, counter-claim, cross-claim, or third-party complaint of said party, as the case may be, shall stand dismissed without prejudice, whereupon the Clerk shall make entry of that fact and serve notice thereof by mail upon every party not in default for failure to appear, of which mailing he shall make an entry. One month prior to the termination of the six month period the Clerk shall warn the dilatory party by mail that his claim will stand dismissed if he fails to comply with this rule, making an entry in the docket of the mailing. *Notice shall also be given to the Judge to whom the case is assigned.*

"(b) FAILURE TO WARN; EFFECT. A failure of the Clerk to give the warning as above provided will not affect the running of the six months' period or otherwise relieve a party from operation of this rule.

    \*     \*     \*     \*     \*

"(d) DERELICTION OF COUNSEL. When a case has been dismissed because of inexcusable neglect or other

dereliction of counsel and is reinstated by the Court to prevent unfairness to a litigant, the Court granting the Motion to reinstate shall refer the matter involving the delinquent, or offending counsel to the Committee on Admissions and Grievances of this Court for appropriate action, citing the circumstances of the dismissal and subsequent reinstatement. (Added April 21, 1969)"

2. Rule 60, Fed.R.Civ.P.

3. *See* L. P. Steuart, Inc. v. Matthews, 117 U.S.App.D.C. 279, 329 F.2d 234, *cert. denied*, 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964).

4. According to the new rule, if the court reinstates a case which was dismissed because of inexcusable neglect on the part of counsel, the court must refer the matter, together with a description of the circumstances surrounding the dismissal, to the Committee on Admissions and Grievances for appropriate action.

5. Rule 13(b) also indicates that the failure of the clerk to give notice does not relieve a party from the operations of the rule. *But cf.* Hill v. Hawes, 320 U.S. 520, 523, 64 S.Ct. 334, 88 L.Ed. 283 (1944).

Although none of the above circumstances might of itself require reversal of the District Court's decision, taken together these factors indicate that reinstatement should have been granted.

Reversed.