Raymond N. THOMSEN, Plaintiff-Appellant,

v.

TERRACE NAVIGATION CORPORATION, Defendant-Appellee.

No. 142, Docket 73–1424.

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1974.

Decided Jan. 10, 1974.

* Honorable Fred M. Taylor, United States District Judge, District of Idaho, sitting by designation.

---

Raymond N. Thomsen, appellant pro se.

William P. Larsen, Jr., New York City (Boal, Doti & Larsen, Arthur M. Boal, New York City, of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

### PER CURIAM:

Plaintiff, a ship's officer, sued shipowner for personal injuries. When the case was reached for trial plaintiff was at sea in the South Pacific and plaintiff's counsel was informed by radio that plaintiff could not leave his ship, and that plaintiff would not agree to a $7500 settlement. Although plaintiff's deposition was available, when the case was reached for trial, counsel marked the case settled on agreement by defendant to pay $8500. An order of discontinuance was entered.

■■ On return to New York, plaintiff refused to accept the settlement and filed a motion to restore the case to the calendar. Judge Gurfein, apparently believing that the earlier order was a "discontinuance with prejudice" reluctantly denied the motion. In this he was in error. Under the circumstances, the motion should properly have been treated as one to vacate a voluntary discontinuance, which might, and here should have been granted in the court's inherent power. *See* 7 J. Moore, Federal Practice ¶ 66.20 at 242 (2d ed. 1973). At issue here is not the power of the court to control its calendars, but rather the authority of counsel to settle a case without his client's consent. *Cf.* United States v. Beebe, 180 U.S. 343, 352, 21 S. Ct. 371, 45 L.Ed. 563 (1901). Here there were no such exigent circumstances as might have conferred such a power. Plaintiff's deposition was available and other witnesses were on call. Trial was a possible choice, not only dismissal or settlement.

Reversed and remanded for setting aside of the order of discontinuance and restoration of the case to the calendar.