702 F.2d 131
 Herbert O. JENSEN, Appellant,
Kenneth Hagle
v.
Edward J. KLECKER, Joseph H. Havener, Winston Satran, Robert
Coad, Gary Hornbacher, Kenneth Schaff, Harold
Hoffman, Anton Doll, John R. Hessinger,
Alice Ackerman and Mirna
Schlosser, Appellees.
 No. 82-2290.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 4, 1983.
Decided March 10, 1983.
 
 Herbert O. Jensen, pro se.
 Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, N.D., for appellees.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Herbert O. Jensen appeals from the district court's[1] denial of his motion for relief from judgment under Fed.R.Civ.P. 60(b).
 
 
 2
 This action was brought by Jensen against various state authorities alleging that legal mail was being opened and not delivered to him at the North Dakota state prison. To "protect his rights," he filed liens on the personal and real property of all the defendants with the Registrars of Deeds in several North Dakota counties.
 
 
 3
 In response, the defendants filed a "Motion For An Order to Give Notice of All Liens Filed and to Remove All Liens Filed" with the district court. The "motion" also requested the court to assess damages. The district court ordered Jensen to give the defendants a list of all the liens he had filed and to file releases of all the liens with the appropriate county officers, and prohibited Jensen from filing further liens without court approval. Jensen complied with this order and the defendants repeated their "motion" for damages. On February 3, 1982 the district court granted the defendants' motion for summary judgment on the mail issue, and denied the defendants' motion for damages.
 
 
 4
 On July 15, 1982 the district court sua sponte amended its order dismissing the damages claim by adding the phrase "for lack of jurisdiction." Formal notice was not given to the defendants or to Jensen prior to entry of the order. Jensen claims that he did not receive a copy of the order after entry. While the district court file does not indicate that a copy was sent to him, it does show that a copy was sent to his attorney of record. Jensen, however, claims that he did not receive a copy of the order until September 7, when he was given a copy in connection with another lawsuit. On September 10 he filed a motion under Fed.R.Civ.P. 60(b) requesting the district court to reconsider the amended judgment on the grounds that (1) he never received notice of the amended judgment, and (2) the district court had jurisdiction over the damages claim. The district court denied the motion, and Jensen appealed.
 
 
 5
 The standard of review for denial of a Rule 60(b) motion is whether the district court abused its discretion. Browder v. Director, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); Knox v. Lichtenstein, 654 F.2d 19, 21 (8th Cir.1981). Further, this court cannot use review of a 60(b) motion to review an underlying decision which was not appealed. E.g., Clark v. Wyrick, 538 F.2d 1327 (8th Cir.1976), cert. denied, 429 U.S. 1062, 97 S.Ct. 788, 50 L.Ed.2d 778 (1977). Thus, the district court's order amending the judgment, even if questionable,[2] is not reviewable. Only the denial of Jensen's motion may be considered.
 
 
 6
 Jensen should have challenged the order by a timely Rule 52(b) motion seeking further amendment or by a timely appeal. The time limits for these actions had passed by the time Jensen filed his Rule 60(b) motion with the court. If no notice of the amending order had been served or received, perhaps relief might be merited. See Coclin Tobacco Co. v. Brown & Williamson Tobacco Corp., 353 F.2d 727, 728 (2d Cir.1965). However, the record shows Jensen's attorney received a copy of the order. See Bennett v. Federal Deposit Ins. Corp., 396 F.2d 909, 911 (9th Cir.1968). There is no reason to consider under Rule 60(b) a motion which could have been made under another rule if the litigant had acted in a timely manner. See Lester v. Empire Fire & Marine Ins. Co., 653 F.2d 353 (8th Cir.1981).
 
 
 7
 Because we find no abuse of discretion, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Bruce M. Van Sickle, United States District Judge, District of North Dakota
 
 
 [2]
 Cf. McLearn v. Cowen & Co., 660 F.2d 845 (2d Cir.1981) (on reviewing district court denial of Rule 60 motion to amend judgment by adding "without prejudice," one judge found amendment proper under Rule 60(b)(4), one judge found amendment proper under Rule 60(b)(6), and one judge found amendment improper)