————o————

WILLIAM W. WALDEN, Respondent, vs. JESSE A. BOLTON AND ROBERT M. GRAHAM, Appellants.

1. *Attorney and client—Authority to make compromise of suits, etc.*—The general rule is that an attorney cannot, by virtue of his general authority or employment to conduct a suit, bind his client by bargains or contracts to compromise or settle the cause of action; and particularly where land is received in satisfaction of the judgment to be recovered; unless some authority or sanction, either express or implied, has been given by his client for the purpose; or unless his conduct has been ratified by his client.

2. *Attorney—Admissions of, when binding upon client.*—Admissions, made by an attorney long after a case has been tried and his employment has ended, are not binding upon his client and are wholly incompetent.

*Appeal from Livingston Circuit Court*

*Broadus & Pollard*, for Respondent.

*Wm. D. McGuire and A. S. Harris*, for Appellants.

VORIES, Judge, delivered the opinion of the court.

This action was brought by the plaintiff against the defendant, Bolton, as the plaintiff in an execution, and the defendant, Graham, who is the sheriff of Livingston county, having

said execution in his hands to·be executed, to restrain and enjoin a sale of land belonging to the plaintiff and levied on by said execution, on the ground that the judgment, upon which the execution was issued, was satisfied.

The petition in substance, charges, that previous to the 8th day of July, 1863, defendant, Bolton, was the holder by assignment of three several promissory notes, which had before that time been executed by plaintiff to one Caleb S. Stone, and assigned by said Stone to defendant, Bolton, which said notes were for the payment of two hundred and twenty-five dollars each; that said notes were executed to said Stone for and in consideration of a tract of land in the petition described ; that on the 8th day of July, 1863, defendant, Bolton, recovered a judgment against the plaintiff on said notes, in which said judgment or decree, the vendor's lien on the land for which the notes were given was foreclosed, and said land ordered to be sold for the payment of said judgment ; that on the 24th day of October, 1864, an execution was issued on said judgment, and on the 18th day of May, 1865, said judgment and execution were fully satisfied and discharged in the following manner : "This plaintiff agreed with defendant, Bolton, that Bolton would purchase or cause to be purchased the N. 1-2 of the N. E. 1-4 of the N. E. 1-4 of Sec. 7, Township 57, Range 23, situate in said county and State, the real estate of this plaintiff and which was levied upon to satisfy said judgment, and was advertised to be sold on said 18th day of May, 1865, by G. Harker, the then sheriff of this county, the same being the consideration for which the two last described notes were executed, and for the payment of which, defendant, Bolton, had obtained an order of this court for a sale of said property last described, for the enforcement of the vendor's lien, as the assignee of said Stone  *  *  *  and for the further consideration, that this plaintiff should make no further claim or demand off of said Stone for $140, which they, the said Stone and Bolton were owing this plaintiff; that said Harker, as sheriff as aforesaid, did expose the last described realty for sale on the said 18th day of May, 1865, and in pur-

suance of said agreement between this plaintiff and said Bolton, he, Bolton, procured one Mary Smith to purchase said realty at the nominal price of $310, no part of which was paid by her or any one for her, or by defendant, Bolton, except the sum of $32 95-100, the cost of said Harker in making said sale, which was paid by said Bolton; that defendant, Bolton, caused said property to be purchased according to the said agreement, *and released* this plaintiff of any and all further liability thereby to him upon said judgment."

It is further charged, that the land so purchased was of the full value of the amount due by said judgment, and was so estimated by the parties and was received and accepted by Bolton as a full satisfaction thereof; that Bolton now holds and controls the land; that he still holds said judgment against plaintiff without having satisfied the same further than to enter a credit thereon for the small sum bid for said land, at the sale aforesaid, and threatens to collect the same from plaintiff; that said judgment by the said acts and agreements of the parties has become in law and equity fully satisfied; that on the 20th day of June, 1871, defendant, Bolton, procured an execution to be issued from the Clerk's Office of the Circuit Court of Livingston county on said judgment, against the property of plaintiff and in favor of defendant, Bolton, which execution has been placed in the hands of the defendant, Graham, as sheriff of said county for collection, and which has been levied on lands of the plaintiff which are described in the petition, and which lands have been advertised for sale by said Graham as sheriff of said county, on the 15th day of December, 1871, to satisfy said execution; that said Graham, if not restrained by this court, will proceed to sell said land so levied on and advertised under the execution now in his hands; that a sale so made will work great and irreparable damage to plaintiff, for which he has no adequate remedy at law, and will be and constitute a cloud on the title of the land so to be sold.

It is further charged, that the defendant, Bolton, resides in a portion of the State remote from the residence of the plain-

tiff, and if the injunction is not granted, plaintiffs will be compelled to seek a partial remedy by suit at law in the county where defendant resides, which would be attended with great expense and inconvenience; that plaintiff is a man of moderate means and unable to expend large sums of money in such litigation; that the attempt on the part of defendant to sell said land under execution is made for the purpose of harassing plaintiff, and by such fraudulent means to recover the amount of said judgment from defendant twice; he well knowing that plaintiff is a man of limited means, and unable to litigate with a man of plaintiff's wealth.

Plaintiff prays judgment that the defendant, Graham, may be restrained from any sale of the land under said execution, and that defendant, Bolton, be perpetually enjoined from further proceeding in the collection of the same, and for general relief.

To this petition the defendant, Bolton, filed an answer specifically denying every material allegation therein. Subsequently to the filing of the answer defendant filed a motion to dissolve the injunction which had been temporarily granted in the cause, because the petition was untrue, and because there was no equity shown in the petition. Upon this motion a trial was had and the court rendered a final decree in the cause against the defendants, perpetually enjoining and restraining the defendants as prayed for in the petition. In due time the defendant, Bolton, filed a motion for a new trial, which being overruled by the court, he excepted and appealed to this court.

The principal ground of objection to the action of the Circuit Court, insisted on by the defendant in this court is, that the court admitted improper evidence to be given on the part of the plaintiff, although said evidence was at the time objected to by the defendant. The case, contrary to the usual practice in such cases, seems to have been tried upon affidavits of the parties and of the witnesses filed by the respective parties, but no objection was made by either party to that mode of trial.

It is shown by the affidavit of the plaintiff, that the suit

upon which the judgment was obtained, upon which the execution was issued, the proceedings under which are sought to be enjoined, was commenced in April, 1861; that plaintiff and the attorney of defendant (who was plaintiff in that case) had made a mutual arrangement in that case, that the suit should be commenced for the purpose of enforcing said Bolton's, vendor's lien, against the land in that suit named; that the plaintiff—defendant in that suit—was insolvent, and not able to pay his debts; that the object of the suit was that the lien should be enforced, and Bolton take the land; that after the suit was commenced, there was a difference of understanding between the attorney of Bolton and plaintiff (who was defendant in that suit), when plaintiff filed an answer in that case; that during the progress of that cause, and before judgment, William C. Samuel became the attorney of record for Bolton in that suit; that the said Samuel, who knew the condition of the plaintiff financially, proposed to plaintiff, that if he would let judgment go by default for the amount of Bolton's demand, he —Bolton—would take the judgment enforcing the lien against said land in extinguishment of the debt; that at said time plaintiff had a claim against Bolton and Stone, who was the assignor of the notes on which the suit was brought, which plaintiff agreed to relinquish as a part of said agreement, if Bolton would take a judgment to enforce the vendor's lien on said land, in satisfaction of the demand; that said agreement was acted on by plaintiff and said Samuel, who was the attorney in fact and of record for said Bolton; that plaintiff in consideration of said agreement, let judgment be rendered against him by default in said action, for the sum of $987.18; that a portion of the land, against which the lien was foreclosed, was sold by one Gudgell, who was then sheriff of Livingston county, in November, 1864, for the sum of $378.79; that the residue of said land was offered for sale by one Harker, as sheriff of said county, and was bid in at said sale by William C. Samuels, Bolton's attorney, in the name of Mary Smith, at the nominal sum of $310; that var-

ious persons were at said sale for the purpose of bidding for said land, but said Samuels, as the attorney of said Bolton, publicly announced, that the land would be bid in to satisfy a vendor's lien, and that the plaintiff in the execution, would take the same in satisfaction of the debt; that said notice by Samuels, prevented persons from bidding on said land, who would otherwise have bid on the same a sufficient sum to have satisfied said debt or judgment; that the land sold at the time was worth more than enough money to satisfy the balance due on said judgment and execution.

The evidence .of plaintiff further 'tends to prove, that he had a good defense to said suit, which was abandoned by virtue of his agreement with Samuels.

The defendant at the time objected to so much of the foregoing evidence, as purported to recite a conversation with William C. Samuels, because said part of said evidence was hearsay and incompetent. The court overruled the objection and admitted the evidence.

It is objected in this court, that the court below erred in admitting the statement of Samuels in evidence, on the ground that such evidence is mere hearsay evidence and incompetent. This must depend entirely on the question, whether the arrangement, which it is attempted to prove was made between Samuels and the plaintiff, came within his general authority as an attorney. The general rule is, that an attorney cannot by virtue of his general authority or employment to conduct a suit, bind his client by bargains or contracts, to compromise or settle the cause or action, and particularly in such a contract as is attempted to be proved in this case, where land is to be received in full satisfaction of the judgment to be recovered, unless some authority or sanction has been given by his client for the purpose, either expressed or inplied, or .unless his conduct has been ratified by his client. (1 Pars. Cont., 117; North Mo. R. R. Co. vs. Stephens, 36 Mo., 150.) In order to make the evidence of the arrangement made with Samuels, competent against Bolton, there should have been some evidence introduced, tending to prove

his authority to make the compromise or that it had afterwards been ratified or sanctioned by Bolton.

There is another objection to most of the evidence contained in the affidavit of Walden, which has not been raised by the parties in the cause. The most of said evidence, tends to prove an entirely different agreement from the one stated in the petition. It is charged in the petition that, on the day that the land was to be sold by the sheriff, plaintiff had an agreement with Bolton, by which, Bolton agreed to purchase or cause to be purchased the land named, in full satisfaction of the judgment; and that in conformity with the agreement, Bolton had caused the land to be purchased, etc. ; and that Bolton had refused to satisfy the judgment, although he had kept the land purchased, which was of a value more than sufficient to pay the entire judgment; that the land under this agreement was purchased for a nominal sum, etc. There is no mention made in the petition of any agreement made with Samuels, by which he was caused to forego his defense to the suit, or of the conduct of Samuels at the sale, by which persons were prevented from bidding on the land : But inasmuch as the evidence was not objected to by the defendant on the ground of variance, that question will not be raised here so as to reverse the judgment on that ground alone.

The plaintiff also read in evidence on the trial of the cause, the affidavit of one Smith Turner, by which it was testified, that the said Turner, some two years before the trial, was requested by Col. Stone to take charge of the judgment of Bolton vs. Walden ; that he was requested to have an execution issued on the judgment; that witness had failed to find the judgment on the record ; that he learned that W. C. Samuels had been of counsel in the case ; that he went to Samuels for information ; that Samuels gave him to understand that he was in the case, but witness did not recollect for which party he said he had been employed ; that Samuels told witness, that the case was all wrong and oppressive against Walden. He stated that the suit had been com-

promised in the court in which it was tried; that Walden had been induced to and did withdraw his defense in consid. eration of the compromise; that he could not recollect that Samuels had told him what the compromise was; it was rather the impression of the witness, that it was for a vendor's lien, and that Bolton was to take the land back. Witness further stated that after getting this information from Samuels, he had declined to act in the premises.

This evidence of Turner's was also objected to by the defendant, because the same was only hearsay evidence. The objection was overruled by the court, and the defendant excepted. It is difficult to imagine upon what ground this evidence was admitted. An attorney might bind his client in some cases by admissions made by him in the prosecution of a suit, in the course of his employment; but the admissions or statements of an attorney, who had been employed in a suit, several years after the case had been tried, and his employment, for all that appears, ended, certainly are not admissible in evidence, or otherwise binding on his client in the case, and are wholly incompetent evidence for any purpose. The evidence in this case was conflicting; the testimony of the defendant being in direct conflict with that given by the plaintiff.

In such cases it becomes important that no illegal evidence shall be admitted on either side. This merely hearsay evidence of Turner, being of a very material character, if legal, and having been wrongfully admitted, it follows that the judgment must be reversed. (Golson vs. Ebert, 52 Mo., 260.)

It may not be improper however, as the case will be remanded for a re-trial, to remark, that the facts which the plaintiff's evidence tends to prove, are at variance with the allegations in the petition—which defect may be obviated by an amendment. In fact the petition in this case is so prolix and so disconnected in its averments, that it is difficult to ascertain and separate the material from the immaterial averments therein, or ascertain the exact ground relied on for relief.

It seems to be a proper case for the court to require the

plaintiff to make the averments in his petition more definite and certain.

The judgment is reversed, and the cause remanded. The other judges concur.