Eugene E. Pomeroy *vs*. Frederick M. Prescott.

Androscoggin.    Opinion February 25, 1910.

*Compromise and Settlement.    Attorney and Client.    Attorney's Authority.*
*Judgment.    Partial Recovery.    "Splitting" Cause of Action.*
*Revised Statutes, chapter 84, section 59.*

Revised Statutes, chapter 84, section 59, provides as follows: "No action shall be maintained on a demand settled by a creditor, or his attorney entrusted to collect it, in full discharge thereof, by the receipt of money or other valuable consideration, however small." In an action where it was alleged in defense that the plaintiff's attorney had waived and released certain items in the plaintiff's writ, *held* that this statute was not available in defense, first, because there was no settlement of the demand " in full discharge thereof," and, secondly, because it did not appear that there was any valuable consideration whatever for "waiving and releasing" the items.

An attorney who is clothed with no other authority than that arising from his employment in that capacity, has no power to compromise and settle or release and discharge his client's claim. He may do all things incidental to the prosecution of the suit and which affect the remedy only and not the cause of action. He cannot bind his client by any act which amounts to a surrender in whole or in part of any substantial right.

An attorney cannot compromise a demand without special authority for that purpose, nor discharge it without satisfaction.

Where in an action on an account annexed, the plaintiff's attorney without the knowledge or consent of the plaintiff, agreed to waive and release certain items in the account, *held* that the plaintiff was not bound by the agreement

By agreeing to strike out items from an account on which suit has been brought, the plaintiff precludes himself from a subsequent suit on such items.

A judgment for a part of an entire demand is a bar to any other suit for another part of the same demand.

A claim which is in its nature entire cannot be split up into several causes of action, and if suit is brought for a part only of the items constituting an entire claim, recovery for that part will bar recovery in any subsequent suit for the residue or any other items of the same demand.

On exceptions by plaintiff.    Sustained.

Assumpsit on an account annexed wherein the plaintiff sought to recover from the defendant the sum of $283.00 for services in decorating the auditorium at Portland, preparatory to holding an automobile show in February, 1906.    Plea, the general issue, with the following brief statement:    "That, as to the second, third, fourth, fifth, sixth, seventh, eighth and ninth items of the account annexed in the plaintiff's writ, the defendant says that any promise to pay said amounts was not in writing, or evidenced by memorandum in writing, and within the statute of frauds, being a promise to pay the debt of another, and further, that said claims and charges were specifically waived by written waiver of_____, attorney of record."

The verdict was for the plaintiff for $138.19 only.    The plaintiff excepted to certain rulings made during the trial, and it was stipulated that if the exceptions were sustained judgment should be for the plaintiff for the full amount of his claim with interest from the date of the writ.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*Guy H. Sturgis,* for defendant.

SITTING:    WHITEHOUSE, PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

WHITEHOUSE, J.    This is an action of assumpsit on an account annexed, wherein the plaintiff seeks to recover from the defendant the sum of $283.00, for services in decorating the auditorium at Portland, preparatory to holding an automobile show in February, 1906.

It appears that the claim in suit comprised thirteen items.    The first four amounted to $120, and the remaining nine aggregated $163.    The defendant pleaded the general issue with a brief statement in which it was alleged that any promise on the part of the defendant to pay the last nine items in the account was a promise to pay the debt of another; that it was not evidenced by any memorandum in writing signed by the defendant and that under the statute of frauds no recovery could be had as to those items.    It

was further alleged in the brief statement that all of the claims and charges contained in those nine items were specifically waived in writing by the former attorney of record who brought the suit.

The instrument purporting to be a written waiver and release of the last nine items was introduced in evidence subject to the plaintiff's objection, and is of the following tenor:

"Portland, Maine, January 11, 1908.

"I, Eugene E. Pomeroy, formerly of Lewiston, Maine, do hereby waive, relinquish and release all claims and rights whatsoever, which I now have, or may hereafter acquire, against Frederick M. Prescott, of Boston, Massachusetts, on account of any balances due me for decorating Auditorium in Portland, Maine, during the automobile show in February 1906, from:" (the persons named in the last nine items of the account).

"Meaning and intending to waive all claims whatsoever against Frederick M. Prescott for an account of said balances alleged to be due me from the parties above mentioned, as above set forth, and waiving all rights whatsoever, which I now have, or may hereafter acquire, against said Frederick M. Prescott under and by virtue of the capias writ of myself vs. said Prescott, dated March 1, 1907, returnable the third Tuesday of April, 1907, before the Supreme Judicial Court for the county of Androscoggin, in the State of Maine, being any and all charges or items therein set forth relating to above balances, claiming under said writ and in said suit only recovery for the following items, to wit:

To decorating Auditorium in Portland, Maine, 1906,　$ 75.

To balance due me from F. M. Prescott, personal booth on main floor,　　　　　　　　　　9.

To balance due me from F. M. Prescott, personal booth on basement,　　　　　　　　20.

To balance due me from F. M. Prescott, personal booth on basement,　　　　　　　　16,

Amounting altogether to the sum of $120.

EUGENE E. POMEROY,

By_____his Attorney."

No evidence was introduced of any authority in the attorney to execute the waiver beyond his general authority as attorney of record in the suit, or that any consideration was received for the same, except as correctly stated by the presiding Justice in his charge. But the facts stated by the presiding Justice as the basis of his ruling on the question of waiver did appear.

The presiding Justice instructed the jury in relation to the waiver, as follows:

"Now it seems that since this writ was brought, counsel (not the counsel who are trying the case, but counsel in Portland who represented the plaintiff and brought the suit) undertook to make an arrangement with counsel for the defendant in regard to certain of these items. It was stated by counsel, and perhaps in your presence (I think you were present this forenoon) that in anticipation of this trial, in making various arrangements about taking testimony and depositions and one thing and another, preparatory to the trial, that in order to accomplish some purpose, the attorney who was then counsel for the plaintiff undertook to waive any claim as to certain of the items. So far as the case is now concerned, it matters not whether he acted under misapprehension or not, or whether he was wise in doing it, or not. He did it, and a question of law has arisen as to what the effect of it was,— whether he had, as a lawyer, and as counsel in the case, authority to so act and to bind his client. And I have intimated to counsel, and I now instruct you, that at least for the purposes of this trial that the act of that attorney was within his authority under the circumstances as conceded to be true. He did have authority to waive certain items of the account, and to say that when the case came on to be tried, the plaintiff would rely only on certain other items which are the four items at the top of this specification, being the first four items in the account annexed. And when I speak of the account annexed I mean this later one. It seems that there has been an amended account, which has the items a little more in detail. So that the attorney undertook to waive the last nine items, but to retain the first four items. The last nine items relate to these various booths

around on the floor, where men would not pay the full price, and where Mr. Pomeroy says that Mr. Prescott agreed to make it up to the full price.

"As I say, I think that under the circumstances of the case that the attorney, whether wise or unwise, was acting within his authority—that he had a right to do it—had the power to do it— and that his client is bound by his action, and that therefore the last nine items of this account annexed the plaintiff cannot now recover for, in any event. And if you find for the plaintiff, and the plaintiff's version is the true one, by a fair preponderance of the evidence, then you will return a verdict for the plaintiff for the amount of the first four items."

The presiding Justice instructed the jury to make a separate finding in relation to the last nine items in the amended bill of items, and propounded to the jury the following question? "When this action was commenced, was anything due to the plaintiff on account of the last nine items, in the amended bill of items in the plaintiff's writ, namely, for decorating booths occupied by the parties named in the last nine items.

And, to this query, the jury answered in the affirmative, and, in addition rendered a verdict for the plaintiff in the sum of one hundred thirty-eight dollars and nineteen cents ($138.19).

The case comes to the Law Court on exceptions to the ruling admitting the waiver in evidence and to the instructions given by the presiding Justice in the charge to the jury.

It is stipulated that if the exceptions are sustained, judgment shall be ordered for the plaintiff for the full amount of his claim with interest from March 1, 1907, the date of the writ.

It is provided by section 59 of chapter 84, R. S., that "no action shall be maintained on a demand settled by a creditor, or his attorney entrusted to collect it, in full discharge thereof, by the receipt of money or other valuable consideration, however small."

It is obvious that this statute is not available in the defense of this action, first, because there was no settlement of the demand "in full discharge thereof," and secondly because it does not appear from any facts stated in the charge or elsewhere in the exceptions,

that there was any valuable consideration whatever for "waiving and releasing" the last nine items in the plaintiff's account.

Indeed this statute is not relied upon or invoked by the counsel for the defendant, but it is contended in his behalf that in attempting to "waive and release" the nine items in question, the attorney of record at that time was acting within the scope of his authority as an attorney at law retained by the plaintiff to collect the claim entrusted to him; that by virtue of his employment he had the implied power to elect and control the remedy and to avail himself of such mode of procedure as he deemed most effectual in accomplishing the purpose of his employment, and that the "waiver" of the nine items in question was simply incident to the conduct of the suit and the control of the remedy, and as such was within the general authority of an attorney.

But in *Jenney* v. *Delesdernier*, 20 Maine, 183, cited by counsel on both sides, in which it was held that an attorney without any special authority therefor may approve of the receipt taken by the officer for personal property attached by him, the court, quoting from the opinion in *Gaillard* v. *Smart*, 6 Cow. (N. Y.) 385, thus speak of the authority of an attorney. "His general power does not extend to a retraxit, or release, because they relate to the cause of action itself; not merely to the remedy, which he is retained to conduct. And here is disclosed the true principle relative to the extent and limitation of the power of an attorney. He may elect and control the remedy, and all the arrangements arising out of and connected with it, but cannot release or discharge the cause of action without receiving payment, or do anything which will have that effect."

Accordingly in *Wilson* v. *Wadleigh*, 36 Maine, 496, (a case not embraced by the provisions of the statute of 1851, now section 59 of chapter 84, R. S., above quoted) it was held that an attorney by virtue of his general employment to prosecute a suit has no authority to discharge the judgment or execution which he may recover unless upon payment of the amount due. In the opinion the court said of the power of an attorney: "He is necessarily vested with great discretion in the management of a cause during its progress to

final judgment, but he is not authorized to assign or transfer that judgment when obtained. Such authority is not necessary for the discharge of his duty, and would leave the interests of his client to his mercy. In _Penniman_ v. _Patchin_, 5 Vt. 352, Phelps, J., says, "'he cannot compromise a demand without special authority for that purpose, nor discharge it without satisfaction. Much less can he assign it for his own benefit; such an act being not only foreign to the purpose of his employment, but inconsistent with it. A power so liable to abuse, (which indeed could hardly be exercised without abuse), can with no propriety be admitted.'" See also _Lewis, Admr._, v. _Gamage_, 1 Pick. 346, and _Shores_ v. _Caswell_, 13 Met. 413. In the last named case it was held that an attorney by virtue merely of his retainer to prosecute or defend a suit, had no authority to release a claim of his client on a third person, for the purpose of making such person a competent witness for his client.

But it is unnecessary to consider further the general authority of an attorney, for the law is too well settled and familiar to admit of discussion that an attorney who is clothed with no other authority than that arising from his employment in that capacity, has no power to compromise and settle or release and discharge his client's claim. He may do all things incidental to the prosecution of the suit and which affect the remedy only and not the cause of action. He cannot bind his client by any act which amounts to a surrender in whole or in part of any substantial right. _Derwort_ v. _Loomer_, 21 Conn. 244; _Messick_ v. _Ledergerber_, 56 Mo. 465; _Waldron_ v. _Bolton_, 55 Mo. 405; _Davis_ v. _Hall_, 90 Mo. 659; (3 S. W. 382) _Lewis_ v. _Duane_, 141 N. Y. 302, (36 N. E. 322), 4 Cyc. L. & P. 945; 3 Am. & Eng. Encyc. of Law, 358.

It is not in controversy that the written instrument in this case declaring that the plaintiff does "hereby waive, relinquish and release all claims and rights whatsoever" against the defendant for any balances due on account of the nine items in question, was an apparent attempt on the part of the attorney who executed it, not only to waive recovery of those nine items in this particular suit, but to execute a final discharge of those items and forever bar

recovery upon them.   It has been seen, however, that an attorney without special authority, cannot thus make a compromise settlement which involves a release of the cause of action, or any substantial part of his client's rights.

But it is insisted in behalf of the defendant that the waiver of recovery in this suit was within the authority of the attorney, and therefore valid, and that its operation is not defeated by combining with it an attempt to make a final discharge of that part of the cause of action.   It is suggested that if the instrument in question is not effectual as a discharge, it may still be held a waiver for this suit, and the plaintiff has the right to institute a new action for the items waived.   And in determining whether the waiver of the nine items in question would necessarily operate as a final surrender of a part of the plaintiff's cause of action, it is important to inquire whether a new action could have been maintained for the items waived.

The plaintiff's cause of action was a claim against the defendant for services rendered in decorating the Auditorium at Portland. It was obviously the plaintiff's contention that his cause of action arose from one bargain and one entire contract or single job as between him and the defendant.   The attempted waiver by the former attorney was repudiated by the plaintiff and under instructions of the presiding Justice to which no exceptions were taken by the defendant, the plaintiff's contention that the entire claim was due, appears to have been adopted in the special finding of the jury. The defendant filed no motion to have this finding set aside, but entered into a stipulation with the plaintiff that if the exceptions to the charge upon the question of waiver were sustained, "judgment, if for the plaintiff in any amount, shall be for the full amount of the plaintiff's claim with interest from the date of the writ."

Under these circumstances the law is well settled that if the items which the attorney attempted to waive had been stricken from the account by authority of the plaintiff himself, no further action could ever have been maintained for their recovery.   In *United States* v. *Throckmorton*, 98 U. S. 65, it is said by the Federal Court that "There are no maxims of the law more firmly established, or of

more value in the administration of justice, than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy; namely, 'interest rei publicae ut sit finis litium,' and 'nemo debet bis vexari pro una et eadam causa.'" Hence the principle is uniformly and inflexibly maintained that a judgment for a part of an entire demand is a bar to any other suit for another part of the same demand. A claim which is in its nature entire cannot be split up into several causes of action, and if suit is brought for a part only of the items constituting an entire claim, recovery for that part will bar recovery in any subsequent suit for the residue or any other items of the same demand. In *Foss* v. *Whitehouse*, 94 Maine, 491, it was held that judgment in an action of assumpsit for money paid to obtain a release from unlawful imprisonment, is a bar to a subsequent action of tort to recover any other damages resulting from the same imprisonment. "It is common learning" said the court "that a plaintiff cannot thus split up a cause of action and bring several actions for the different items of damage resulting from the one cause of action." In *Willoughby, Ex'x,* v. *Atkinson Furnishing Co.*, 96 Maine, 372, it was held that recovery of damages in a former suit for a breach of the defendant's obligation under a lease to replace certain partitions "in as good condition as they found them" was a bar to a recovery in the pending suit for the loss of rent resulting from the same breach, which might have been included in the former suit.

In *Burritt* v. *Belfy*, 47 Conn. 323, a suit for several months' rent was pending in a city court, and another suit was brought before a justice of the peace for an additional month's rent which was due when the former suit was brought; it was held that judgment in the second suit was a bar to the first suit.

In *Secor* v. *Sturgis*, 16 N. Y. 548-558, it is said in the opinion : "The true distinction between demands or rights of action which are single and entire, and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. Perhaps as safe and simple a test as the subject admits of, by which to

determine whether a case belongs to one class or the other, is by inquiring whether it rests upon one or several acts or agreements. In the case of torts, each trespass, or conversion, or fraud, gives a right of action, and but a single one, however numerous the items of wrong or damage may be; in respect to contracts, express or implied, each contract affords one and only one cause of action." See also *Knowlton* v. *N. Y. & N. E. R. R. Co.*, 147 Mass. 606; *Clark* v. *Baker*, 5 Met. 452; *Rosenmueller* v. *Lampe*, 89 Ill. 212, and 23 Cyc. L & P. 1174.

The conclusion is therefore irresistible that the nine items of the account sued which the plaintiff's former attorney attempted to "waive and release" and which the jury found to be actually due, constituted a part of the plaintiff's single cause of action, and that judgment for the first four items would have been a bar to any subsequent action for the items waived. In agreeing to eliminate those items from the account without the knowledge and consent of his client, the former attorney exceeded his authority and the certificate must be,

> *Exceptions sustained.*
> *Judgment for the plaintiff for $283*
> *with interest from March 1, 1907.*