**Gertrude M. PERKINS**

v.

**Norman A. PHILBRICK.**

Supreme Judicial Court of Maine.

Argued March 4, 1982.

Decided March 30, 1982.

Rudman & Winchell, Edith Richardson (orally), John W. McCarthy, T. David Plourde, Bangor, for plaintiff.

Gross, Minsky, Mogul & Singal, George Z. Singal (orally), Carl F. Rella, Bangor, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and WATHEN, JJ.

WATHEN, Justice.

Plaintiff appeals from a judgment entered in Superior Court, Penobscot County, denying her request for a declaratory judgment. The issue raised by this appeal is whether defendant's forged signature on settlement drafts and a release form can effectuate a settlement and bar defendant's underlying tort claim against plaintiff.[1] We hold that it cannot and deny the appeal.

---

1. Plaintiff has tried to characterize the issue on appeal as one of risk allocation and has urged this Court to determine which of the innocent parties injured by the unauthorized acts of an agent should bear the loss occasioned by the agent's misfeasance. The Superior Court referred to the need for later allocation without ruling upon the issue. The issues specified in the pretrial order do not include allocation and this case is not in the proper posture for such a determination. Neither the drawee bank nor the plaintiff's insurer, who paid the settlement drafts, is a party to this declaratory judgment action. Without considering the actions and interests of these two important entities as well as those of the parties before us, the trial court

In 1976 the parties were involved in an automobile accident in which defendant was injured. He hired an attorney to press his claim against plaintiff, and the attorney entered into communications with plaintiff's insurer. In late 1976, in a conversation with the attorney, the insurer's claims adjuster offered to settle defendant's claim for $26,000. The attorney replied that he would have to discuss the offer with his client. In January 1977 without prior discussion with his client the attorney told the adjuster that the settlement was acceptable. The insurer prepared drafts together with a release and inadvertently mailed them to the defendant. Two of the drafts received by the defendant were payable jointly to him and his attorney and one was payable to him and Blue Cross/Blue Shield. Defendant gave the unsigned documents to his attorney explaining that he did not want to settle for that amount. Defendant neither signed nor authorized the endorsement of any draft or the release. The two drafts payable jointly to defendant and his attorney were subsequently presented for payment bearing defendant's purported endorsement. The release form was not immediately returned to the insurer. When, after numerous calls, the claims adjuster visited the attorney's office, he was given the release purportedly signed by defendant. Sometime in February or March of 1977 the attorney gave defendant between $7,000 and $7,800 which he claimed was part of a $10,000 advance by the insurer. Throughout this period defendant took an active interest in the progress of his claim without learning that the drafts and release had been signed and presented.

In 1979 defendant, represented by his present attorney, commenced suit against plaintiff in Superior Court, seeking damages for his injury in the 1976 accident. Plaintiff then filed this action seeking a declaratory judgment that her obligation to defendant had been discharged when the drafts issued by her insurance company were paid by the bank and the executed release form was received by the insurer. The presiding justice did not issue a declaratory judgment but instead denied plaintiff's request. He based his order on his findings that defendant had neither accepted the settlement nor authorized anyone including his attorney to do so for him by signing the release. These factual findings are undisputed, and we find no settlement has been effectuated under these circumstances.

The Superior Court did not specifically find that the attorney forged defendant's endorsement on the documents. That inference is ineluctable, however, and the court's order proceeds on the postulate that even if the attorney forged the documents, the client is not bound on the facts of the case. The parties' briefs focus solely upon the legal principles of authority and ratification applicable to defendant's endorsement forged by his attorney. Dealing with the issue as thus framed, we find a long established principle in Maine and many other jurisdictions that "an attorney clothed with no other authority than that arising from his employment in that capacity has no power to compromise and settle or release and discharge his client's claim." *Pomeroy v. Prescott*, 106 Me. 401, 76 A. 898 (1910); *see also, e.g., Thomsen v. Terrace Navigation Corp.*, 490 F.2d 88 (2d Cir. 1974); *Senyshyn v. Karlak*, 450 Pa. 535, 299 A.2d 294 (1973); *Linsk v. Linsk*, 70 Cal.2d 272, 74 Cal.Rptr. 544, 449 P.2d 760 (1969); *Palm Beach Royal Hotel, Inc. v. Breese*, 154 So.2d 698 (Fla.App.1963). In the absence of authority, the mere fact that the release was signed with defendant's name does not constitute a bar to defendant's tort action.

Neither does the payment of the settlement draft over defendant's forged endorsement effect a settlement of the underlying claim. 11 M.R.S.A. § 3–404(1) (1964) provides in pertinent part: "Any unauthorized signature is wholly inoperative as that of the person whose name is signed, unless

could not fairly assess the equities of the situation and properly allocate the loss that oc-     curred.

he ratifies it or is precluded from denying it." Thus, the forgery of defendant's name, even if accomplished by his attorney, was not an acceptance of the draft according to its terms as "a release of all claims for damages."

 Plaintiff argues that even if the forgeries cannot effectuate a settlement, defendant is bound by them because he ratified the purported settlement by accepting what he thought was an advance. We conclude, as did the Superior Court, that no ratification occurred which would bar defendant's underlying tort action.

 For ratification of an agent's actions to occur, it is necessary that all material facts be known by the principal. *Hendrickson v. Wright*, Me., 285 A.2d 839 (1971); *Gould v. Maine Farmers Mutual Fire Ins. Co.*, 114 Me. 416, 96 A. 732 (1916). This requirement of knowledge pertains also when benefits of the unauthorized act are received:

> When the principal receives the benefits of an unauthorized act of his agent, when he is apprised of the facts, if he has suffered no prejudice and can make restitution, he must elect whether to ratify or disaffirm and if he decides not to ratify he must return the fruits of the unauthorized act within a reasonable time.

*Wilkins v. Waldo Lumber Co.*, 130 Me. 5, 153 A. 191 (1931); *see also*, Uniform Commercial Code Comment 3 to 11 M.R.S.A. § 3–404 (ratification of an unauthorized signature "may be found from the retention of benefits *received in the transaction with knowledge* of the unauthorized signature" (emphasis added)). The record in this case plainly shows that defendant did not have knowledge of the forgery when he accepted the advance from the attorney; therefore the court correctly concluded that ratification had not occurred.

 While we agree with the analysis of the court below, the judgment entered requires modification. In a declaratory judgment action the court is empowered "to declare rights, status and other legal relations ...." 14 M.R.S.A. § 5953 (1980).

The plaintiff sought a declaration of her liability to the defendant based on what she alleged was the discharge of that liability by the forgery of defendant's signature on the release and settlement drafts. The Superior Court judgment as reflected on the docket does not declare the rights and duties of the parties. Because it merely denied the plaintiff's request for a declaratory judgment, we must remand the case to Superior Court. The judgment should be corrected so that it plainly declares that plaintiff's obligations to defendant have not been discharged by the forged release and drafts.

The entry is:

Appeal denied.

Remanded to Superior Court for modification of the judgment consistent with the opinion herein, and as so modified, judgment affirmed.

All concurring.