Joseph G. LANE

v.

**MAINE CENTRAL RAILROAD.**

Supreme Judicial Court of Maine.

Argued March 19, 1990.

Decided April 17, 1990.

James M. Bowie (orally), Thompson & Bowie, Portland, for plaintiff.

Glen L. Porter and William B. Devoe (orally), Eaton, Peabody, Bradford & Veague, P.A., Bangor, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Once again we address the propriety of the summary disposition of civil litigation on a "motion to confirm settlement." The Superior Court, (Kennebec County, *Brody, C.J.*) granted the motion of defendant Maine Central Railroad on the grounds that settlement was agreed upon between counsel and that it is important that one lawyer be able to accept another lawyer's representation. Although such considerations might support the imposition of sanctions, we conclude that they are insufficient to justify the use of a summary procedure to discharge plaintiff Joseph G. Lane's claim and, accordingly, we vacate the judgment.

As we stated in *Phillips v. Fuller*, 524 A.2d 1221, 1222 (Me.1987) (*Phillips I*), "[b]y allowing the case to be passed over without requiring any formal action to effectuate the settlement, defense counsel exposed his client and the court to the uncertainties inherent in an executory accord." The circumstances that a jury had been selected for a trial to commence the following week does not alter the executory nature of counsel's agreement. We have previously stated, albeit in carefully considered dicta, that such an agreement could be enforced by a separate civil action or by a permissive counterclaim in a pending action. *Phillips v. Fuller*, 541 A.2d 629 n. 1 (Me.1988) (*Phillips II*). We now hold not only that there are unresolved issues of fact in the case before us, but that the summary procedure utilized by the defendant is not the appropriate means of resolving the dispute.

In *Perkins v. Philbrick*, 443 A.2d 73 (Me.1982), we stated, "we find a long established principle in Maine and many other

jurisdictions that 'an attorney clothed with no other authority than that arising from his employment in that capacity has no power to compromise and settle or release and discharge his client's claim.'" *Id.* at 74 (quoting *Pomeroy v. Prescott*, 106 Me. 401, 407, 76 A. 898 (1910)). The record presented by the summary proceeding in the case before us reveals no evidence that Lane authorized his attorney to compromise his claim. In fact, at the motion hearing, Lane appeared pro se and, in an unsworn statement to the court, denied that he authorized the settlement. By permitting the railroad to proceed on a separate action or a permissive counterclaim, we compel the railroad to bear the burden of proving that Lane's attorney acted within his authority.

The entry is: Judgment vacated.

Remanded for entry of an order dismissing defendant's motion with leave to proceed by way of a counterclaim or separate action.

All concurring.