STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-281
*N M - CuM - 4/17/2013*

OSPREY COVE ROAD
HOMEOWNERS
ASSOCIATION, et al.,

18 APR '13 PM12:31

Plaintiffs

v.

ORDER ON PLAINTIFFS'
MOTION FOR PARTIAL
SUMMARY JUDGMENT

ELLEN M. KEMPIN, et al.,

Defendants

Before the court is the plaintiffs' motion for summary judgment on count I of the plaintiffs' complaint. The plaintiffs ask the court to declare that the defendants' activity on their residential lot violates covenants limiting the lot to residential uses and prohibiting commercial activity. For the following reasons, plaintiffs' motion for partial summary judgment is granted.

BACKGROUND

Osprey Cove Road Homeowners Association (OCRHA) is a non-profit, non-stock corporation duly organized under the laws of the State of Maine. OCRHA was formerly known as Partridge Cove Road Homeowners Association, which was incorporated in the State of Maine on September 21, 1993. (Pls.' S.M.F. ¶ 1.) OCRHA is a five-lot-residential subdivision. (Pls.' S.M.F. ¶ 2.)

All individual parties own lots in the subdivision. (Pls.' S.M.F. ¶¶ 3-9.) Plaintiffs Robert V. Toothaker, II and Dimitra Toothaker own a subdivision lot located at 57 Osprey Cove Road in Freeport, Maine. The Toothaker plaintiffs' real property abuts the real property owned by defendant Ellen M. Kempin.

1

(Pls.' S.M.F. ¶ 4.) Defendant Ellen M. Kempin resides in Malibu, California, but owns property located at 58 Osprey Cove Road in Freeport. (Pls.' S.M.F. ¶ 7.) Defendant Fiona Kempin, daughter of Ellen M. Kempin, and defendant Alecia Nelson live at 58 Osprey Cove Road. (Pls.' S.M.F. ¶¶ 8-9.) In addition to residing at 58 Osprey Cove Road, defendants Fiona Kempin and Alecia Nelson co-own and operate a dog kennel, which includes daycare and boarding facilities, on the property under the business name "It's A Dogs Life."[1] (Pls.' S.M.F. ¶ 9; Defs.' Reply Pls.' S.M.F. ¶ 9.)

Each lot is served by a single private road, Osprey Cove Road. (Pls.' S.M.F. ¶ 10.) The deeds to all of the lots in OCRHA contain binding restrictive covenants, including that the lots are to be "used solely for residential purposes" and that "[n]o livestock, poultry or other animals shall be kept or maintained on any part of any lot, except dogs, cats or other household pets may be kept thereon in reasonable numbers for the pleasure and use of the occupants, but not for any commercial use or purpose." (See Pls.' S.M.F. ¶¶ 12-15; Ex. B). In addition, a restrictive covenant provides: "No signs and advertising devices, other than temporary signs less than three feet in size, will be allowed on any lot or parcel of land without the prior written consent of Declarant." (Pls.' S.M.F. ¶ 16.)

In January 2012, defendant Alicia Nelson obtained a license from the State of Maine to operate the dog care and boarding facility at 58 Osprey Cove Road.

---

[1] Defendants object to plaintiffs' characterization of "It's A Dogs Life" as a "commercial dog kennel" as a misleading description. (Defs.' Reply Pls.' S.M.F. ¶¶ 8-9.) The defendants admit the facility has a capacity for twenty-five dogs at one time, that they own and operate a dog care and boarding facility on their property, and that they market and advertise the facility to the general public. (Compl. ¶¶ 18-20; Answer ¶¶ 18, 20; Defs.' Reply Pls.' S.M.F. ¶¶ 8-9.).

2

(Pls.' S.M.F. ¶ 20; Compl. ¶ 19; Answer ¶ 19.) Defendants subsequently published a website and produced other advertising and marketing materials for "It's A Dogs Life," which advertise the dog kennel as an "exclusive boutique hotel and day camp for dogs," open seven days a week. (Pls.' S.M.F. ¶ 22; Ex. C.) The website states that the defendants operate the business as both a "day camp" and "boarding facility" for dogs, and charge its customers fees for all services provided. (Pls.' S.M.F. ¶ 22.) In addition to the website, defendants have placed a large sign related to their dog kennel business on their property. (Pls.' S.M.F. ¶ 25.)

In March 2012, the OCRHA held a meeting at which defendant Fiona Kempin attended on behalf of defendant Ellen Kempin (Pls.' S.M.F. ¶ 26.) At the meeting, the members of OCRHA discussed whether defendants' operation of "It's a Dogs Life" violated any of the restrictive covenants of the subdivision. (Pls.' S.M.F. ¶ 27.) At the conclusion of the meeting, the Board of Directors voted 4-1 to obtain a legal opinion regarding the applicability and enforceability of the covenants with regard to defendants' dog kennel. Ms. Kempin cast the only dissenting vote. (Pls.' S.M.F. ¶ 28.)

In May 2012, OCRHA held another meeting to review and discuss the legal opinion obtained from counsel; none of the defendants was present. (Pls.' S.M.F. ¶ 29.) At the meeting the Board of Directors voted to pursue legal action, including litigation, to prevent the operation of the dog kennel located at 58 Osprey Cove Road. (Pls.' S.M.F. ¶ 30.)

PROCEDURAL HISTORY

Plaintiffs filed their complaint in June 2012. They seek a declaratory judgment that defendants' actions are prohibited under the restrictive covenants,

3

an injunction to prevent the violations from continuing, and costs and attorneys' fees. Plaintiffs contest both the operation of "It's A Dogs Life" and the use of a sign to advertise the dog kennel. Defendants deny that they violated the covenants by operation of the kennel or by advertising at the location. Defendants additionally argue that even if they are operating a commercial dog kennel, other members of the association are also in violation of the covenants and thus are prohibited from prosecution of the complaint. Plaintiffs now move for partial summary judgment on count I, declaratory judgment, with regard to the restrictive covenants proscribing commercial activity and signs and advertising devices at 58 Osprey Cove Road.

DISCUSSION

### 1. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine issue as to any material fact . . . and that any party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c); see also Levine v. R.B.K. Caly Corp., 2001 ME 77, ¶ 4, 770 A.2d 653. A "genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." Inkell v. Livingston, 2005 ME 42, ¶ 4, 869 A.2d 745 (quoting Lever v. Acadia Hosp. Corp., 2004 ME 35, ¶ 2, 845 A.2d 1178). In considering a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party, and considers only the portions of the record referred to and the material facts in the parties' Rule 56(h) statements. Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702. Rule 56(h) requires a party that is opposing a motion for summary judgment to support any qualifications or denials of the

4

moving party's statement of material facts with record references. Levine, 2001 ME 77, ¶ 6, 770 A.2d 653.

### 2. Additional Discovery Request

Defendants contend first that no action should be taken on the motion at this stage in the case, before discovery has been substantially started. Defendants' arguments are focused on discovery required to support their defenses[2] rather than their objection to the motion for partial summary judgment before the court. The narrow issue to be decided on this motion is whether, as a matter of law, the ownership and operation of "It's a Dogs Life" is a violation of OCRHA restrictive covenants.

### 3. Partial Summary Judgment

Plaintiffs seek a declaratory judgment that defendants have violated sections one and six of the Declaration. The court has the power to issue declaratory judgments concerning legal rights. 14 M.R.S. §5953 (2012). "An action for declaratory judgment is appropriate for the determination of the validity . . . of a deed. " Colquhoun v. Webber, 684 A.2d 405, 411 (Me. 1996) (citations omitted). A declaratory judgment remedy should be used to obtain "a binding judicial determination of [a party's] legal rights, status, or relations pursuant to statutes or written instruments." Id. "Construction of a deed, including a restrictive

---

[2] Defendants argue the restrictive covenants are unenforceable against them because "the covenants have been terminated by abandonment, Plaintiffs have waived, and are estopped from enforcing, their rights; and plaintiffs are barred from selectively enforcing the covenants in unequal and arbitrary fashion . . . ." (Defs.' Opp'n to Pls.' Mot. Summ. J. 6.) To support their position, defendants contend that they "are merely doing what three of the other four lot owners in the neighborhood are doing: conducting some kind of revenue-generating activity on their property." (Defs.' Opp'n to Pls.' Mot. Summ. J. 6.) Although the defendants' claims may raise a genuine issue of material fact regarding the plaintiffs' request for equitable relief in count II, the claims are not relevant to the court's determination of whether defendants violated the restrictive covenants through their ownership and operation of "It's a Dogs Life" on their property.

5

covenant, is a question of law." River Dale Assn. v. Bloss, 2006 ME 86, ¶ 6, 901 A.2d 809.

To construe a deed, the "language must be given its ordinary meaning, and if there is no ambiguity the plain meaning controls. If the language is ambiguous, then extrinsic evidence may be consulted to ascertain the grantor's intent." Id. (citations omitted). The covenants in all OCRHA deeds explicitly prohibit commercial activity and any uses other than residential. The first section, "Use," provides: "[a]ll lots or parcels of land conveyed shall be used solely for residential purposes and the usual and natural uses in connection therewith . . . ." (Pls.' S.M.F. ¶ 14.) The sixth section, "Restrictive Uses," provides:

> No livestock, poultry or other animals shall be kept or maintained on any part of any lot, except dogs, cats or other household pets may be kept thereon in reasonable numbers for the pleasure and use of the occupants, but not for any commercial use or purpose.

(Pls.' S.M.F. ¶ 15.) The sixth covenant further provides: "No signs or advertising devices, other than temporary signs less than three square feet in size will be allowed on any lot or parcel of land without the prior written consent of Declarant." (Pls.' S.M.F. ¶16.) These restrictions are not ambiguous.

As noted, the defendants object to the term "commercial dog kennel" and its misleading connotations. They argue that "'It's a Dogs Life' is a relatively small dog care and boarding facility that usually has 12 dogs at any one time, has never more than 20 dogs at any one time, and that has a maximum capacity of 25 dogs at any one time." (Defs.' Reply Pls.' S.M.F. ¶ 8.) Defendants admit, however, they charge fees to customers of "It's a Dogs Life." (Pls.' S.M.F. ¶ 22.) Under Maine law, anyone maintaining a boarding kennel must obtain a license from the Department of Agriculture, Conservation and Forestry. See 7 M.R.S. §

6

3932(1) (2012).[3] Defendant Nelson obtained this license. (Pls.' S.M.F. ¶ 9.) Further, defendants do not dispute that they have placed a sign related to their dog kennel business on their property.

In spite of these facts, defendants argue further that because they "are not operating a commercial farm, allowing animals to roam free, raising howling coyotes, paving their front lawn to create a massive parking lot, or doing anything else to change the character of the neighborhood[,]" they have not violated the restrictive covenants. (Defs.' Mem. 6.) Although defendants argue that it is misleading to describe the operation of a facility of less than 25 dogs as a "commercial dog kennel," they fail to cite any legal authority to support their position. "Commercial activity" is defined as "[a]n activity, such as operating a business, conducted to make a profit." BLACK'S LAW DICTIONARY 38 (9th ed. 2009). Considering the for-profit nature of "It's a Dogs Life," defendants' use of their lot is not "solely for residential purposes, and the usual and natural uses in connection therewith."

The entry is

> Plaintiffs' Partial Motion for Summary Judgment is granted on Count I of the Complaint as follows: the Court declares that Defendants' operation of "It's a Dogs Life" at 58 Osprey Cove Road in Freeport, Maine violates the following restrictive covenants in their deed:

---

[3] Maine Law further defines "boarding kennel" as,

any place, building, tract of land or abode in or on which 3 or more privately owned companion animals are kept at any one time for their owners in return for a fee or compensation and includes a facility where 3 or more companion animals are kept for training purposes for compensation.

7 M.R.S. §3907(8) (2012).

7

Section 1, "Use" ("All lots or parcels of land conveyed shall be used solely for residential purposes and the usual and natural uses in connection therewith, unless otherwise designated by Declarant, its successors and assigns.") and

Section 6, "Restrictive Use" (No signs and advertising devices, other than temporary signs less than three feet in size, will be allowed on any lot or parcel of land without the prior written consent of Declarant.
No livestock, poultry or other animals shall be kept or maintained on any part of any lot, except dogs, cats or other household pets may be kept thereon in reasonable numbers for the pleasure and use of the occupants, but not for any commercial use or purpose.")

Date: April 17, 2013

Nancy Mills
Justice, Superior Court

8

OSPREY COVE ROAD HOMEOWNERS ASSOCIATION - PLAINTIFF

Attorney for: OSPREY COVE ROAD HOMEOWNERS
ASSOCIATION
KENNETH COLE - RETAINED 06/25/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: OSPREY COVE ROAD HOMEOWNERS
ASSOCIATION
MARK A BOWER - RETAINED 06/25/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

ROBERT V TOOTHAKER III - PLAINTIFF

Attorney for: ROBERT V TOOTHAKER III
KENNETH COLE - RETAINED 06/25/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: ROBERT V TOOTHAKER III
MARK A BOWER - RETAINED 06/25/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

DIMITRA TOOTHAKER - PLAINTIFF

Attorney for: DIMITRA TOOTHAKER
KENNETH COLE - RETAINED 06/25/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: DIMITRA TOOTHAKER
MARK A BOWER - RETAINED 06/25/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

vs

ELLEN M KEMPIN - DEFENDANT

Attorney for: ELLEN M KEMPIN
DANIEL L ROSENTHAL - RETAINED 07/09/2012
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

SUPERIOR COURT
CUMBERLAND, ss.
Docket No        PORSC-CV-2012-00281


DOCKET RECORD

Attorney for: ELLEN M KEMPIN
GENE LIBBY - RETAINED 11/20/2012
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD
UNIT 17
KENNEBUNK ME 04043

Attorney for: ELLEN M KEMPIN
TYLER SMITH - RETAINED 11/20/2012
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD
UNIT 17
KENNEBUNK ME 04043

FIONA KEMPIN - DEFENDANT

Attorney for: FIONA KEMPIN
DANIEL L ROSENTHAL - RETAINED 07/09/2012
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

Attorney for: FIONA KEMPIN
GENE LIBBY - RETAINED 11/20/2012
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD
UNIT 17
KENNEBUNK ME 04043

Attorney for: FIONA KEMPIN
TYLER SMITH - RETAINED 11/20/2012
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD
UNIT 17
KENNEBUNK ME 04043

ALECIA NELSON - DEFENDANT

Attorney for: ALECIA NELSON
DANIEL L ROSENTHAL - RETAINED 07/09/2012
MARCUS CLEGG & MISTRETTA PA
ONE CANAL PLAZA SUITE 600
PORTLAND ME 04101-4035

Attorney for: ALECIA NELSON
GENE LIBBY - RETAINED 11/20/2012
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD
UNIT 17
KENNEBUNK ME 04043

Attorney for: ALECIA NELSON
TYLER SMITH - RETAINED 11/20/2012
LIBBY O'BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD
UNIT 17
KENNEBUNK ME 04043

RALPH L HARDING - THIRD PARTY DEFENDANT
16 OSPREY COVE ROAD
FREEPORT ME 04032

Attorney for: RALPH L HARDING
KENNETH COLE - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: RALPH L HARDING
MARK A BOWER - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

KATHERINE H HARDING - THIRD PARTY DEFENDANT
16 OSPREY COVE ROAD
FREEPORT ME 04032

Attorney for: KATHERINE H HARDING
KENNETH COLE - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: KATHERINE H HARDING
MARK A BOWER - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

DAVID BRENNAN - THIRD PARTY DEFENDANT
45 OSPREY COVE ROAD
FREEPORT ME 04032

Attorney for: DAVID BRENNAN
KENNETH COLE - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: DAVID BRENNAN
MARK A BOWER - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

PAMELA BRENNAN - THIRD PARTY DEFENDANT
45 OSPREY COVE ROAD
FREEPORT ME 04032

Attorney for: PAMELA BRENNAN

KENNETH COLE - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Attorney for: PAMELA BRENNAN
MARK A BOWER - RETAINED 08/24/2012
JENSEN BAIRD ET AL
10 FREE STREET
PO BOX 4510
PORTLAND ME 04112

Filing Document:  COMPLAINT          Minor Case Type:  DECLARATORY JUDGMENT
Filing Date:      06/25/2012

Docket Events:

06/25/2012    FILING DOCUMENT - COMPLAINT FILED  ON 06/25/2012

06/25/2012    Party(s):  OSPREY COVE ROAD HOMEOWNERS ASSOCIATION
              ATTORNEY - RETAINED ENTERED  ON 06/25/2012
              Plaintiff's Attorney: KENNETH COLE

              Party(s):  ROBERT V TOOTHAKER III
              ATTORNEY - RETAINED ENTERED  ON 06/25/2012
              Plaintiff's Attorney: KENNETH COLE

              Party(s):  DIMITRA TOOTHAKER
              ATTORNEY - RETAINED ENTERED  ON 06/25/2012
              Plaintiff's Attorney: KENNETH COLE

06/25/2012    Party(s):  OSPREY COVE ROAD HOMEOWNERS ASSOCIATION
              ATTORNEY - RETAINED ENTERED  ON 06/25/2012
              Plaintiff's Attorney: MARK A BOWER

              Party(s):  ROBERT V TOOTHAKER III
              ATTORNEY - RETAINED ENTERED  ON 06/25/2012
              Plaintiff's Attorney: MARK A BOWER

              Party(s):  DIMITRA TOOTHAKER
              ATTORNEY - RETAINED ENTERED  ON 06/25/2012
              Plaintiff's Attorney: MARK A BOWER

06/26/2012    Party(s):  OSPREY COVE ROAD HOMEOWNERS ASSOCIATION
              OTHER FILING - OTHER DOCUMENT FILED  ON 06/25/2012
              EXHIBITS OMITTED FROM ORGINAL COMPLAINT

07/12/2012    Party(s):  ELLEN M KEMPIN,FIONA KEMPIN,ALECIA NELSON
              MOTION - MOTION FOR ENLARGEMENT OF TIME FILED  ON 07/09/2012
              DEFS' ASSENTED TO MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT W/ PROPOSED
              ORDER. (RLJ)

STATE OF MAINE
CUMBERLAND, ss

OSPREY COVE ROAD
HOMEOWNERS
ASSOCIATION, et al.,

            Plaintiffs

v.

ELLEN M. KEMPIN, et al.,

            Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-281
NM-12/12/2013

ORDER ON PLAINTIFFS'
MOTION TO ENFORCE AND
TO AMEND COMPLAINT

Before the court is the plaintiffs' motion to enforce settlement agreement and amend complaint.[1] The plaintiffs argue they entered a settlement agreement with the defendants on 8/18/13 and seek to enforce the terms of that agreement. (Ex. H attached to Rielly Aff.) The defendants argue that even if a settlement was reached, the agreement was not binding on the defendants because Attorney Libby did not have authority to settle the claim. (Ex. I attached to Rielly Aff., email from Attorney Libby dated 8/20/13.)

In Maine, "an attorney clothed with no other authority than that arising from his employment in that capacity has no power to compromise and settle or release and discharge his client's claim." Perkins v. Philbrick, 443 A.2d 73, 74 (Me. 1982) (quoting Pomeroy v. Prescott, 106 Me. 401, 76 A. 898 (1910)). The party seeking to enforce a settlement bears the burden of proving that the opposing counsel acted within his authority. Lane v. Me. Cent. R.R., 572 A.2d

---

[1] The defendants argued that no evidentiary hearing was necessary; the plaintiffs disagreed. (Defs.' Mem. 3-4; Pls.' Rep. Mem. 2.)

1

1084, 1085 (Me. 1990). In this case, there is no evidence that the defendants authorized Attorney Libby to compromise their claim.

In Lane, the trial judge granted the "motion to confirm settlement" and concluded, "it is important that one lawyer be able to accept another lawyer's representation." Lane, 572 A.2d at 1084. The Law Court stated that "such considerations might support the imposition of sanctions" but were insufficient to discharge a party's claim. Id.; see Pls.' Mem. at 8. The issue of an award of sanctions will be addressed at trial.

The entry is

> The Motion to Enforce Settlement Agreement and Amend Complaint is DENIED. This case is restored to the docket and will be scheduled for trial on the March-April 2014 trial list.

Date: December 12, 2013

Nancy Mills
Justice, Superior Court

2

GENE LIBBY ESQ
LIBBY O'BRIEN KINGLSEY & CHAMPION
62 PORTLAND RD
UNIT 17
KENNEBUNK ME 04043

Def s

BRENDAN RIELLY ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112

Plt/ s &
3rd Ply def s.